62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Lee TRACY, Plaintiff-Appellant,
v.
Phillip PARKER, Warden; Bobby Waller, Shift Commander; Gary
Holland, Correctional Officer; Glenn Miller, Correctional
Officer; Jack Reese, Correctional Officer; C. Trotter, LPN;
D. Taylor, RN, Defendants-Appellees.
 No. 94-6521.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1995.
 
 Before: ENGEL, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Gary Lee Tracy, a Kentucky state prisoner, appeals pro se the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Tracy filed this complaint against a number of prison employees seeking monetary and equitable relief. He alleged that his constitutional rights had been violated when he was subjected to a cavity search on suspicion of smuggling tobacco into the segregation unit. Defendants moved for summary judgment. A magistrate judge recommended that the motion be granted, noting that the court lacked authority to award the type of equitable relief sought by Tracy. Furthermore, the magistrate judge noted that the complaint failed to state the capacity in which the defendants were being sued. Therefore, the claim for monetary relief failed because defendants were assumed to be named in their official capacities and entitled to Eleventh Amendment immunity. Tracy then moved to amend his complaint to clarify that he was suing the defendants in their individual capacities. The district court judge granted this motion. The case was then transferred to another district court judge, who noted that no objections had been filed to the magistrate's report, adopted the report, and granted judgment to the defendants.
 
 
 3
 Upon review, we conclude that the district court erred in adopting the magistrate judge's recommendation to grant summary judgment to defendants on the claim for monetary damages when the basis for that recommendation had been negated by the amendment of the complaint. Although no formal objections to the magistrate judge's report were filed, the motion to amend was clearly a response to the report and could have been liberally construed as such, cf. Sellers v. Morris, 840 F.2d 352, 355 (6th Cir. 1988), thus requiring de novo review of the case. See United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985) (per curiam). Moreover, this court has held that it is improper to enter summary judgment where a motion to amend the complaint was pending. See Ellison v. Ford Motor Co., 847 F.2d 297, 300-01 (6th Cir. 1988) (per curiam). The case for not entering summary judgment is more compelling here, where the motion to amend was granted and the basis for granting summary judgment no longer existed.
 
 
 4
 Accordingly, the district court's judgment is vacated and this case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.