Stacey SELLERS, Petitioner–Appellant,

v.

Terry L. MORRIS, Superintendent of the Southern Ohio Correctional Facility, Respondent–Appellee.

No. 86–3851.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 19, 1987.

Decided Feb. 26, 1988.

Stacey Sellers, pro se.

Richard A. Shinaberry, James A. Brebberman (argued), Toledo, Ohio, for petitioner-appellant.

James A. Carr, Asst. Atty. Gen., John Gideon, Asst. Atty. Gen. (argued), Columbus, Ohio, for respondent-appellee.

Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

This is an appeal from the judgment of the United States District Court for the Northern District of Ohio, Eastern Division, denying Petitioner Stacey Sellers's petition for a writ of habeas corpus. Sellers's petition alleges that an Ohio juvenile court proceeding held preliminary to binding him over for trial as an adult was actually a delinquency adjudication, and, therefore, the State's subsequent prosecution of him as an adult offender for the same crimes that caused the juvenile court to adjudicate him a delinquent violated his fifth-fourteenth amendment right to be free from double jeopardy. On appeal to this court, Sellers contends that the district court erred in applying the 28 U.S.C. § 2254(d) presumption of correctness[1] to the Ohio Court of Appeals' finding that the juvenile court proceeding was a probable cause determination and not a delinquency adjudication without first determining whether his case fits within a statutory exception to the application of that presumption. This exception provides that the presumption of correctness afforded a state court factual finding in a habeas corpus action shall not apply when the district court "concludes that such factual determination is not fairly supported by the record." 28 U.S.C. § 2254(d)(8). Had the district court analyzed Sellers's claim under this exception and concluded that the Ohio Court of Appeals' characterization of the juvenile court proceeding as a probable cause hearing rather than a delinquency adjudication was "not fairly supported by the record," the court would have been compelled to conclude that the State's prosecution of him as an adult violated his right to be free from double jeopardy. *Breed v. Jones*, 421 U.S. 519 (1975). We conclude that the district court erred in failing to make inquiry as to whether this exception is applicable, and, consequently, we remand the case to the district court to engage in the appropriate analysis of Sellers's claim.

## I.

On February 23, 1978, the disputed hearing was held before the Juvenile Division of the Trumbull County Court of Common Pleas. The judgment entry of that hearing states as follows:

> The Court having heard all the evidence, finds ... that said juvenile is a *delinquent* child, officially, as charged in the complaint under Section *2151.02* Ohio Revised Code, *in that he unlawfully violated his parole; unlawfully was involved in the aggravated robbery, rape and felonious assault which occurred at the Masters Cleaners, 1795 Youngstown Rd. in Warren, Trumbull County, Ohio on February 17, 1978, on or about 2:40 p.m. Said child further unlawfully stole a wallet at Dr. Unalan's office*

---

1. 28 U.S.C. § 2254(d) provides, in relevant part:
   In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct. ...

*in Warren, Trumbull County, Ohio, on February 17, 1978.*

*Child pleaded not true. IT IS ORDERED that said child be committed to the Ohio Youth Commission for evaluation to determine whether the child should or should not be treated as an adult. Placed on probation for preparation of Social History.*

The italicized portion of the above-quoted judgment entry was typed in. The remainder is form language.

On March 30, 1978, a second hearing was held before the Trumbull County Juvenile Court. The judgment entry completed by the court after this hearing, using the same form, had all of the preprinted form language crossed out. In its place was a single, typed paragraph which stated, in sum, that probable cause existed to believe that Sellers had committed the crimes charged, and, since he was not amenable to rehabilitation, ordered him bound over for trial as an adult.

On May 19, 1978, Sellers appeared before the Trumbull County Court of Common Pleas and pled no contest to charges of felonious assault and aggravated robbery. He was sentenced to five to fifteen years on the assault charge and five to twenty-five years on the aggravated robbery charge, both sentences to run concurrently.

Sellers then exhausted his state appellate remedies, claiming, *inter alia,* that he was adjudicated a delinquent in the February 23rd juvenile court hearing, and, therefore, the State's subsequent prosecution of him as an adult violated his fifth-fourteenth amendment right to be free from double jeopardy. The Ohio Court of Appeals, addressing this issue, found that the February 23rd hearing was not an adjudication of delinquency, as Sellers claimed, but merely a probable cause hearing. Consequently, he was not placed in double jeopardy when he was subsequently prosecuted as an adult.

Sellers filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Ohio. Sellers, proceeding *pro se*, alleged that the Ohio Court of Appeals erred in finding that the

February 23rd hearing was a probable cause hearing when the judgment entry clearly indicates that it was a delinquency adjudication.

Sellers's case was referred to a magistrate who recommended that the petition be denied since, as a factual finding, the Ohio Court of Appeals' determination that the February 23rd proceeding was a probable cause hearing is entitled to the presumption of correctness contained in 28 U.S.C. § 2254(d). Sellers filed objections to the magistrate's recommendation, reiterating his position that the judgment entry of the disputed hearing showed clearly that it was a delinquency adjudication. Sellers's objections, however, did not specifically attack the application of the section 2254(d) presumption of correctness.

The district court adopted the magistrate's recommendation, denying Sellers's petition. The court held that the February 23rd judgment entry was "clearly ambiguous" and that, since "petitioner's objections [to the magistrate's report] do not challenge the presumption of correctness found in 28 U.S.C. § 2254(d) as it relates to the opinion of the Ohio Court of Appeals," applying the presumption the petition must be denied. Thus, the district court did not consider the question of whether the state court's factual determination was, under § 2254(d)(8), fairly supported by the record. Sellers contends that the district court should have considered this question and should have determined that the state court's finding was not fairly supported by the record.

## II.

█ The Ohio attorney general raises a preliminary argument, which, if accepted, would effectively bar this court from reviewing the central issue of this habeas corpus proceeding. The attorney general's argument is that Sellers's plea of no contest to the charges of assault and aggravated robbery when tried as an adult constitutes a waiver of his right to assert that his conviction was obtained in violation of the fifth-fourteenth amendments' prohibition of double jeopardy. We reject this argument,

however, in that it runs counter to Supreme Court authority. In *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), the Court specifically rejected an argument identical to the Ohio attorney general's that a guilty plea (or a plea of no contest) constitutes a waiver of the double jeopardy defense. In the Court's words:

> Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law required that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty.

*Id.* at 62, 96 S.Ct. at 242. Given the Supreme Court's decision in *Menna*, we are unable to credit the attorney general's argument.

### III.

■ On appeal to this court, Sellers, now with counsel, argues that his *pro se* objections to the magistrate's report—which restate his position that the February 23rd judgment entry clearly establishes that the hearing was a delinquency adjudication—should be broadly construed as an objection on the ground that his case falls within the exception to the correctness presumption, i.e., that the presumption is not fairly supported by the record. We agree.

■ In *Allen v. Perini*, 424 F.2d 134 (6th Cir.), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970), this court stated:

> We are aware, however, that many habeas corpus petitions are filed pro se by those unlettered in the law, and are not artfully drawn. By our disposition of this case we do not intend to depart

from the salutary rule that such petitions are to be liberally viewed with tolerance and forbearance.

*Id.* at 142. This rule of liberal construction of *pro se* habeas corpus petitions should, by analogy, be extended to *pro se* objections to magistrate recommendations in habeas corpus actions as well.

In the instant case, Sellers's *pro se* objections to the magistrate's recommendations can be viewed as a plea for the court to invoke the exception to the correctness presumption ordinarily afforded state court findings of fact in federal habeas corpus proceedings. This is, in substance, what Sellers alleged in his objections to the magistrate's report when he contended that the judgment entry of February 23rd does not support the factual finding of the Ohio Court of Appeals that the proceeding was a probable cause hearing. Sellers's failure to specifically cite to section 2254(d)(8) should not bar reliance on the provision. The district court erred, therefore, in concluding that the presumption of correctness was applicable to the Ohio Court of Appeals' finding that the hearing was nonadjudicatory without first determining if that finding was "fairly supported by the record." 28 U.S.C. § 2254(d)(8).

### IV.

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND the case to the district court for further proceedings consistent with this opinion.[2]

WELLFORD, Circuit Judge, dissenting.

I respectfully dissent. It is for Ohio courts to interpret the nature of the action

---

**2.** In so doing, we note items that may be of some assistance to the district court in reaching its ultimate determination concerning the applicability of the 28 U.S.C. § 2254(d) presumption of correctness. The record before the district court when it rendered its judgment consisted exclusively, as stated by the district court, of the two judgment entries of the juvenile court and records of subsequent state court proceedings. Surprisingly, however, the record of the February 23rd juvenile court proceedings, other than the judgment entry, was not included in the record before the district court although such

record was before and was relied upon by the Ohio Court of Appeals. Upon remand, we believe that this additional record would be helpful to the district court.

In his brief to this court, the Ohio attorney general also asserts the proposition that the issue of whether or not the February 23rd hearing was adjudicatory is a question of state law and not of fact. Since, he argues, it is a question of state law, and since the state courts have decided it adversely to Sellers, the federal courts are bound by the determination. This contention was not made in the district court.

taken by the Juvenile Division Court with respect to whether the hearing of February 23, 1978 and the resulting action constituted a probable cause hearing or an adjudication of delinquency. The interpretation made may be debatable, but it is founded upon supportable bases. It is entitled to a presumption of correctness. I would not, therefore, further "second guess" the Ohio courts which determined that Sellers' double jeopardy claim is not viable in light of the facts and the applicable Ohio law.

I agree that Sellers as an initial matter, did not waive his claimed double jeopardy defense, and that his objection to the magistrate's report is sufficient for appellate review.