RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0123p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                          *Plaintiff-Appellee,*

                                                        No. 09-5389

         *v.*

DAVID EHLE,
                          *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 08-00016-001—Charles R. Simpson III, District Judge.

Argued: October 12, 2010

Decided and Filed: May 12, 2011

Before: BATCHELDER, Chief Judge; KEITH and ROGERS, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Frank W. Heft, Jr., OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant. Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. **ON BRIEF:** Frank W. Heft, Jr., Scott T. Wendelsdorf, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant. Terry M. Cushing, Monica Wheatley, Jo E. Lawless, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

_____

**OPINION**

_____

ROGERS, Circuit Judge. Defendant Ehle was charged with one count of "knowingly receiving" child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and one count of "knowingly possessing" the same child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Following a guilty plea to both

1

crimes, he was sentenced to consecutive terms of imprisonment. Because the offense of knowingly receiving child pornography includes all of the elements of the lesser-included offense of possessing the same child pornography, and because Congress did not explicitly require multiple punishments, there has been a violation of defendant's right not to be subjected to double jeopardy. It is therefore necessary to vacate the judgment below.

Ehle's indictment charged him with knowingly receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), knowingly possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2), and two other counts not relevant here. Ehle pleaded guilty to both charges. In his plea agreement, Ehle stated that he "knowingly and voluntarily waives the right to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, including, but not limited to claims for ineffective assistance of counsel."

However, at the plea hearing, both the Assistant United States Attorney and the district court made clear that this waiver extended only to collateral attack. The AUSA stated:

> [Mr. Ehle] is not waiving his right to directly appeal imposition of sentence in this case. Numbered paragraph 13 says that he is, however, waiving his right to collaterally attack the conviction or sentence at a later time under a habeas petition, under 28 USC 2255 or otherwise, but we do want it to be clear that Mr. Ehle is not waiving his right to a direct appeal from any sentence which would be imposed by this court . . ..

In accepting the plea, the district court stated to defendant that "you're not waiving your right to make a direct appeal to the United States Court of Appeals for the Sixth Circuit on the matter of the sentence imposed here."

At sentencing, counsel for Ehle did not contest the PSR calculation of an advisory Guidelines range of 360 months to life. He argued for a below-Guidelines-range sentence of 240 months, and for running the sentences for "receiving" and "possessing" child pornography concurrently. The Government argued for a Guidelines-

range sentence of 360 months, which required running the "receiving" and "possessing" sentences consecutively. This was because "knowingly receiving" child pornography was subject to a maximum sentence of twenty years, while "knowingly possessing" child pornography was subject to a maximum sentence of ten years. The district court adopted the Government's recommendation and sentenced Ehle to 240 months on the "receiving" charge and 120 months on the "possessing" charge, running consecutively, for a total of 360 months.

Ehle on appeal relies on the Double Jeopardy Clause to challenge his 360-month sentence. It was not clear from Ehle's briefs whether he is challenging his double *convictions*, or whether he is attempting to use the Double Jeopardy Clause to challenge the consecutive *sentences* as unreasonable. At oral argument, Ehle's counsel clarified that he now argues that his convictions for both "knowingly receiving" and "knowingly possessing" child pornography violate the Double Jeopardy Clause, and that this court should remand for the district court to vacate one of the two convictions. Ehle also argues in the alternative that his total sentence is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

We first reject a threshold waiver argument. The Government argues that Ehle waived his double jeopardy argument, not by the provision in the plea agreement waiving later collateral attack, but by his "knowing, voluntary, and counseled pleas of guilty to the separate charges." While the Supreme Court in *United States v. Broce*, 488 U.S. 563 (1989), upheld a waiver of double jeopardy rights where the double jeopardy claim required consideration of evidence outside the original record, the Court explicitly preserved its previous holding in *Menna v. New York*, 423 U.S. 61 (1975), that "a plea of guilty to a charge does not waive a claim that—*judged on its face*—the charge is one which the State may not constitutionally prosecute." *Broce*, 488 U.S. at 575 (quoting *Menna*, 423 U.S. at 63 n.2). In short, a guilty plea or plea agreement does not waive a double jeopardy challenge to a charge where, judged from the face of the indictment and the record existing at the time the plea was entered, the charge is one that the government could not constitutionally prosecute under the Double Jeopardy Clause. *See*

*Broce*, 488 U.S. at 575-76; *Menna,* 423 U.S. at 63 n.2; *United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008); *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007 n.2 (9th Cir. 2000); *United States v. Ragland*, 3 F. App'x 279, 284 n.3 (6th Cir. 2001); *United States v. Grant*, 114 F.3d 323, 329 (1st Cir. 1997); *Sellers v. Morris*, 840 F.2d 352, 355 (6th Cir. 1988). As explained below, Ehle's charges for "receiving" and "possessing" the same child pornography are just such types of charges.

This rule is not limited to successive prosecutions, i.e., situations involving one prosecution and conviction, a lapse of time, and then a separate prosecution and conviction for the same criminal activity. On the contrary, the reasoning in *Menna* logically applies just as well to simultaneous prosecutions on separate charges for the same criminal conduct:

> A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. Here, however, the claim is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore does not bar the claim. We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that judged on its face the charge is one which the State may not constitutionally prosecute.

*Menna*, 423 U.S. at 63 n.2. There is no logical basis for not applying this analysis to simultaneous prosecutions. When the Supreme Court later distinguished *Menna* in *Broce*, a case that also involved simultaneous proceedings, the Supreme Court found a waiver not because the guilty pleas were simultaneous, but instead because of the necessity of looking outside the original record. Cases from other circuits have accordingly declined to find a double jeopardy waiver in simultaneous plea cases where it was not necessary to look beyond the indictments to see whether the defendant received multiple sentences for the same crime. *See Smith*, 532 F.3d at 1127-28; *Grant*, 114 F.3d at 328-29. The Eleventh Circuit in *Smith* relied on its prior holding in *United States v. Kaiser*, 893 F.2d 1300, 1302 n.2 (11th Cir. 1990), which explicitly rejected a limitation on *Menna* based on the fact of simultaneous prosecution.

This court's reasoning in *United States v. Ragland*, albeit unpublished, also supports rejection of the waiver argument in this case. In *Ragland*, the defendant pled guilty to two counts of perjury. *Ragland*, 3 F. App'x at 282. On appeal, the defendant raised a double jeopardy challenge to these counts, arguing that they were multiplicitous. *Id.* at 284. In briefing, the government argued that the defendant waived her double jeopardy challenge by failing to raise it with the district court and by pleading guilty; the government abandoned its waiver theory at oral argument. *Id.* at 284 n.3. Nonetheless, we explained that the defendant did not waive the double jeopardy challenge, since the court "permits review of those cases in which the multiplicity of charges is apparent in the record and resulted in multiple sentences," and because "the Supreme Court has suggested and many circuits have found that guilty pleas do not waive double jeopardy issues predicated on multiple punishments where, as here, the issues appear on the face of the indictment and can be resolved without an additional evidentiary hearing." *Id.* (citing *Broce*, 488 U.S. at 575-76).

Waiver has accordingly not been shown and, moreover, it is not clear that we are limited to plain error review. In *Ragland*, we went on to find that the double jeopardy challenge was forfeited, rather than waived, and was subject to plain error review. *Id.* We relied in *Ragland* on our application of plain error review in *United States v. Branham,* 97 F.3d 835, 841-42 (6th Cir.1996), which held that a double jeopardy claim premised on multiplicity of punishments was forfeited (not waived) when the claim had not been raised with the trial court. In the present case, in contrast, Ehle at sentencing made arguments that support a double jeopardy claim, although without explicitly relying on the Double Jeopardy Clause. It is true that Ehle's counsel did not object to his *convictions* on both counts, but he did argue at sentencing against consecutive sentences on the ground that there was really only one crime. He challenged the "concept of how you can receive child pornography without possessing child pornography. One is necessarily subsumed by the other." Ehle's counsel also stated, "I still come back to my original argument, you cannot receive child pornography without possessing it . . . this is essentially one criminal charge." Defense counsel also argued that Congress did not intend separate penalties when a defendant is charged with both

receipt and possession. *Id.* at 15. In response the Government argued among other things that someone could hypothetically receive pornography without possessing it. *Id.* at 9-10. Consideration of the issue on appeal is therefore appropriate.

There is a double jeopardy violation in Ehle's convictions for both receiving and possessing the same child pornography. The Double Jeopardy Clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Under the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), two statutes proscribe different offenses only if each provision requires proof of a fact that the other does not. *See Rutledge v. United States*, 517 U.S. 292, 297 (1996); *Blockburger,* 284 U.S. at 304. Applying this test, the two child-pornography statutes under which Ehle was charged proscribe the same offense, since the possessing provision does not requires proof of any fact that the receiving provision does not. Convicting Ehle of both "knowingly receiving" child pornography, 18 U.S.C. §§ 2252A(a)(2)(A),[1] and "knowingly possessing" the same child pornography, 18 U.S.C. §§ 2252A(a)(5)(B),[2] therefore violated the Double Jeopardy Clause.

As a matter of plain meaning, one obviously cannot "receive" an item without then also "possessing" that item, even if only for a moment. The Supreme Court used the same reasoning in *Ball v. United States*, 470 U.S. 856 (1985). In *Ball*, the Supreme Court considered a question analogous to that presented in the instant case: whether a felon possessing a firearm may be convicted and concurrently sentenced under 18 U.S.C. § 922(h)(1) for receiving that firearm and under 18 U.S.C. § 1202(a)(1) for possessing

---

[1] 18 U.S.C. § 2252A(a)(2)(A) provides as follows:

Any person who knowingly receives . . . any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . shall be punished as provided in subsection (b).

[2] 18 U.S.C. § 2252A(a)(5)(B) provides as follows:

Any person who either knowingly possesses . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . shall be punished as provided in subsection (b).

the same firearm. *Id.* at 857. The Court's answer was "no." "Applying this rule [*Blockburger*] to the firearms statutes, it is clear that Congress did not intend to subject felons to two convictions; proof of illegal receipt of a firearm *necessarily* includes proof of illegal possession of that weapon." *Id.* at 862. Based on Congressional intent derived in part from legislative history, "possession" of a firearm was a lesser-included offense of "receipt" of the same firearm, forbidding separate convictions under the two provisions.

> In short, we are persuaded that Congress had no intention of creating duplicative punishment for one limited class of persons falling within the overlap between the two Titles—convicted felons who receive firearms and who, by definition, possess them. The independent but overlapping statutes simply are not "directed to separate evils" under the circumstances.

*Id.* at 863-64 (quoting *Albernaz v. United States*, 450 U.S. 333, 343 (1981)).

What was true in *Ball* about separate provisions for "receiving" and "possessing" firearms is true in the instant case about separate provisions for "receiving" and "possessing" child pornography. "Receiving" child pornography necessarily requires one to "possess" that child pornography. There are no requirements for the "possessing" offense that are not also contained in the "receiving" offense. *Compare* 18 U.S.C. § 2252A(a)(2)(A) *with* § 2252A(a)(5)(B). "Possessing" child pornography is a lesser-included offense of "receiving" the same child pornography, meaning the two statutes proscribe the same offense. *Rutledge*, 517 U.S. at 297.

Ehle's two charges involved the same child pornography. Count One charged Ehle with "knowingly receiving" child pornography "[i]n or about and between 2006 and April 2007," while Count Three charged Ehle with "knowingly possessing" child pornography "[i]n or about April 2007." As the government clarified at Ehle's plea hearing, the child pornography Ehle was charged with "possessing" "in or about April 2007" is the very same that he was charged with "receiving" "in or about and between 2006 and April 2007":

> MS. LAWLESS:　　　Mr. Ehle signed a consent to search and photograph form authorizing the search of his residence, as well as the

> seizure of those items.  *He also admitted that there was likely child pornography on his computer . . . .  He had admitted that he had obtained the images of child pornography while using the internet during the time frame of 2006, up to and including April of 2007*, while living in Louisville, Kentucky.  That same day, on April 19th of 2007, the officers conducted a search at the Ehle's residence located in Louisville. And pursuant to the consent, they took several items from Mr. Ehle's home, including his computer, his wife's computer, a laptop computer, and stacks of computer disks and VHS tapes . . . .  *A later forensic analysis of the computers, as well as those disks, revealed the presence of numerous images of child pornography.  And that would be what we intend to prove if the matter went to trial with regard to Counts 1 and 3 . . . . [Ehle] admitted to specifically Counts 1 and 3, how he acquired the child pornography images and that he in fact possessed them.*

(Emphasis added.)  While Ehle apparently did not keep everything he downloaded "in or about and between 2006 and April 2007" (the "receiving" charge), this does not change the fact that, per the indictment, everything Ehle downloaded and kept during this time frame was that found in his possession "in or about April 2007" (the "possessing" charge).  The government does not claim that the "receiving" and "possessing" charges are based on completely different child pornography.

The Government's brief makes several arguments in support of its contention that "possessing" child pornography is not a lesser-included offense of "receiving" child pornography, but these arguments are not persuasive.  First, the Government suggests that "possessing" is a lesser-included offense of "receiving" only where "possessing" is "incidental" to "receiving."  Hence, where an individual "possessed" the child pornography in question for a sufficient amount of time beyond that needed merely to "receive" it, "possessing" would not be a lesser included offense of "receiving."  As Ehle correctly points out, though, this approach would require a focus on a defendant's specific conduct, conflicting with the analytical approach of *Blockburger*, which instead requires that the statutory provisions' required elements be viewed in the abstract.  *See Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975); *United States v. Bobb*, 577 F.3d 1366, 1372 (11th Cir. 2009); *United States v. Miller*, 527 F.3d 54, 72 (3d Cir. 2008). Moreover, this approach would also require wholly subjective line-drawing to determine when possession incidental to receiving morphs into possession independent of the

reception.  The Government suggests that possession without receipt would occur in the case of retention of child pornography for weeks, months, or even years after receipt; repeated viewing of the pornography; or electronically transferring the pornography to different locations.  But no standard is proposed for drawing such a line.  The same argument presumably would apply to receiving and possessing weapons, but appears not even to have been contemplated by the Supreme Court in *Ball*.

The idea would be that possession of the same contraband over continuous periods of time would support separate counts of possession, only the first of which would be the same crime as receiving.  Carried to its logical extreme, the idea would permit possession of contraband for ten days (240 hours) to be charged as ten (or maybe 240) separate counts of possession.  The policy underlying the Double Jeopardy Clause clearly does not permit such parsing.

The Government tries to justify its "incidental possession" approach by analogy to *United States v. Gore*, 154 F.3d 34 (2d Cir. 1998), which concerned dual convictions under 21 U.S.C. § 841(a)(1) for "possessing a controlled substance" and "possessing a controlled substance with the intent to distribute."  The analogy is misplaced, as *Gore* involves two offenses that are by statutory construction distinct, but on the facts may be the same conduct.  That is the reverse of our case, which involves two offenses that by statutory construction are the same, but the Government contends are somehow factually distinct.  The argument simply does not work in that direction.

*Gore* holds that, even assuming two statutes each contain elements not present in the other, it is possible on certain facts that the two crimes are nonetheless the same for double jeopardy purposes.  In *Gore*, the defendant was convicted of both distributing a controlled substance and possession with the intent to distribute that substance based on evidence of the same single sale of heroin.  *Id.* at 39.  *Gore* held that "distributing a controlled substance" and "possessing with intent to distribute the substance" facially satisfy the *Blockburger* test, because each offense requires proof of a fact that the other does not.  *Id.* at 45.  Notwithstanding this, the offenses merge into the same crime for double jeopardy purposes "[w]here the evidence shows only that the defendant handed over a packet of drugs.  In that limited scenario, the convictions for both possession with

intent and distribution will fail the *Blockburger* test because no longer does each offense require proof of a fact that the other does not." *Id.* at 46 (internal quotation marks and citation omitted). Since that was the very scenario presented in *Gore*, the court held that the dual convictions for distribution and possession with intent to distribute violated the Double Jeopardy Clause. *Id.* at 44. The Government cites *Gore* to argue the reverse, that even if the child pornography statutes facially state the *same* crime, so as to violate *Blockburger* and result in double jeopardy, the specific facts of this case nonetheless make the crimes distinct. But this is just as illogical as inferring from the statement that "not all birds are robins" that "not all robins are birds." The possibility that statutorily distinct provisions may merge on certain facts simply does not suggest that statutorily identical provisions may diverge on certain facts.

As "knowingly receiving" and "knowingly possessing" the same child pornography proscribe the same offense, there is a rebuttable presumption that Congress did not intend to impose two punishments for the offense. *Rutledge*, 517 U.S. at 297. Following this presumption, convicting under both statutory provisions would violate the Double Jeopardy clause. While the presumption may be rebutted by "a plainly expressed contrary view on the part of Congress," *Garrett v. United States*, 471 U.S. 773, 779 (1985), no such "plainly expressed contrary view" can be found on either the face of the child-pornography statutes or in their legislative history. The Government cites several portions of the statutes' legislative history to argue that the prohibitions on "knowingly receiving" and "knowingly possessing" child pornography are meant to address different harms. *See* Pub. L. No. 104-208, 110 Stat. 3009-26 (1996); 136 CONG. REC. S4729 (1990); 136 CONG. REC. S9029 (1990); 144 CONG. REC. S12262-65 (1998). Similarly, the Government also notes that "knowingly receiving" child pornography carries a mandatory minimum term, whereas "knowingly possessing" child pornography carries no such mandatory minimum term. *See* 18 U.S.C. §§ 2252A(b)(1)-(2). This, says the government, expresses Congress's intent for "knowingly receiving" and "knowingly possessing" child pornography to be subject to multiple punishments.

However, all this appears to indicate is that Congress viewed an individual's "knowingly possessing" child pornography as a separately punishable offense where the

same individual had not also "knowingly received" the same child pornography. Indeed, the legislative history of the 1990 amendments to the child pornography statutes, which added the crime of "knowingly possessing" child pornography to a scheme that already included "knowingly receiving" child pornography, indicates that the crime of "knowingly possessing" child pornography was meant as a gap-filling provision, targeting those who "possessed" child pornography without having also "received" the same child pornography. Senator Thurmond stated, "Current law prohibits the knowing transportation, distribution, receipt or reproduction of child pornography which has traveled in interstate commerce. Those who simply possess or view this material are not covered by current law. This legislation corrects this insufficiency." 136 CONG. REC. S4729 (1990). That being the case, it would in fact be contrary to Congressional intent to convict an individual for both "knowingly receiving" and "knowingly possessing" the same child pornography. This is true even though "knowingly receiving" carries a mandatory minimum term while "knowingly possessing" does not. This may reflect Congress's determination that merely "knowingly possessing" certain child pornography is less blameworthy than "knowingly receiving" (and along with it, "knowingly possessing") other child pornography. In other words, possessing is a *lesser* included offense to receiving. The evidence simply does not "plainly express" any contrary view on the part of Congress to provide separate punishment for "knowingly receiving" and "knowingly possessing" the same child pornography. To the extent the matter is considered doubtful, moreover, the rule of lenity cautions that such doubt be resolved in Ehle's favor. As the Supreme Court said in *Albernaz v. United States*, 450 U.S. 333, 342 (1981), the "policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended. . . . [T]he 'touchstone' of the rule of lenity is statutory ambiguity."

Convicting Ehle of both "knowingly receiving" and "knowingly possessing" the same child pornography therefore violates the Double Jeopardy Clause. Decisions in other circuits support this holding. The Third Circuit in *Miller*, 527 F.3d at 70-74, looked at the same statutory provisions and similarly held that possession was a lesser

included offense of receiving, and the court vacated convictions that were based on the same child pornography.  Over a dissent, the Ninth Circuit did the same in *United States v. Davenport*, 519 F.3d 940, 943-47 (9th Cir. 2008), rejecting an argument that Congress nonetheless intended multiple punishments.  The Eleventh Circuit agreed with these legal conclusions regarding the same two statutory provisions, but affirmed convictions because they were based on different items of child pornography.  *Bobb*, 577 F.3d at 1371-75.  The Second Circuit did basically the same thing in *United States v. Polouizzi*, 564 F.3d 142, 158-59 (2d Cir. 2009), explicitly finding the reasoning of *Davenport* and *Miller* to be persuasive.  These decisions provide confirmation of our analysis.

Finally, we would reach the same conclusion even under a plain error analysis if we were to conclude that the defendant did not adequately raise the foregoing argument below.  Plain error occurs where there is "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Johnson v. United States*, 520 U.S. 461, 467 (1997).  The foregoing analysis shows the "error" in Ehle's dual convictions.  Moreover, the Supreme Court's holding in *Ball v. United States*—that dual convictions for possessing and receiving the same firearm violate the Double Jeopardy clause—is sufficiently analogous to the instant matter such that the constitutional error in Ehle's two child-pornography convictions is quite "plain." Finally, the error "affected substantial rights" and "seriously affected the fairness, integrity, or public reputation of the judicial proceedings."  As this court explained in an earlier double jeopardy case, "[t]here can be no doubt that the district court erred by letting stand [defendant's] convictions and sentences on both Count One and Count Three and that this error affects [defendant's] substantial rights and undermines the fairness and integrity of the judicial proceedings." *United States v. Garcia*, No. 96-1073, 1997 WL 420557, at *10 (6th Cir. July 8, 1997).  The Third and Ninth Circuits reached the same conclusion when they undertook a plain error analysis of double jeopardy challenges to the child-pornography statutes.  *See Davenport*, 519 F.3d at 947; *Miller*, 527 F.3d at 73.

The only constitutionally sufficient remedy in this case is to remand to the district court for it to vacate one of the two convictions in its discretion. *See Ball*, 470 U.S. at 864-65; *Miller*, 527 F.3d at 74; *Sellers*, 840 F.2d at 355. Upholding the convictions and running Ehle's sentences concurrently rather than consecutively would be a legally insufficient remedy. *See Ball*, 470 U.S. at 864-65.

In light of our holding, it is not necessary to reach Ehle's alternative argument that his total sentence of 360 months is substantively unreasonable. Our resolution, moreover, does not impair Ehle's plea agreement. Ehle still validly pleaded guilty to "knowingly possessing" and "knowingly receiving" child pornography. He can only be convicted, however, of one of the two charges.

We vacate the judgment of the district court and remand for the district court to vacate one of Ehle's two convictions, and resentence him on the other.