NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0553n.06

No. 11-3192

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*May 29, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| DARRYL WARDELL ELLIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: CLAY and KETHLEDGE, Circuit Judges, DOW, District Judge.[*]

DOW, District Judge. Darryl Wardell Ellis entered a guilty plea to (1) possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count III), and (2) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count IV). The district court sentenced Ellis to a 60-month term of imprisonment on Count III and a consecutive 60-month term of imprisonment on Count IV, followed by four years of supervised release. Ellis now appeals his sentence. We affirm.

I.

In January and February 2007, task force officers with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) participated in a number of undercover drug buys from Ellis. On

---

[*]The Honorable Robert M. Dow Jr., United States District Judge for the Northern District of Illinois, sitting by designation.

February 27, 2007, officers contacted Ellis and requested to purchase an eighth of an ounce of cocaine base. When the officers met with Ellis, at a location that he suggested, the officers arrested him and found two baggies—one containing 1.3 grams of cocaine base, the other containing 29.6 grams of cocaine base. The officers also found an unloaded semi-automatic handgun in Ellis's possession.

After the grand jury returned a five-count indictment against Ellis, he entered into a plea agreement, pursuant to which he agreed to plead guilty to Count III and Count IV. The district court sentenced Ellis to consecutive 60-month terms of imprisonment. Ellis did not object to the sentence, but filed a timely notice of appeal.

## II.

Ellis argues that the district court violated his Eighth Amendment rights in sentencing him to a five-year term pursuant to 21 U.S.C. § 841 (b)(1)(B)(iii). Ordinarily, we review a constitutional challenge to a sentence *de novo*. *United States v. Jones*, 569 F.3d 569, 573 (6th Cir. 2009). However, where as here, the Defendant did not raise the argument before the district court, we review for plain error. *United States v. Ehle*, 640 F.3d 689, 699 (6th Cir. 2011). "Plain error occurs where there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and alterations omitted) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

A.

Ellis first argues that the five-year minimum sentence imposed for possession with intent to distribute more than five grams of cocaine base violates the Eighth Amendment. The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. To determine whether a sentence is impermissibly cruel, we follow the "narrow proportionality principle" articulated in *Harmelin v. Michigan*, 501 U.S. 957, 996–1009 (1991) (Kennedy, J., concurring). *See Jones*, 569 F.3d at 573. Under *Harmelin*, the Eighth Amendment is violated only by "an extreme disparity between crime and sentence." *Id.* To make the comparison, we weigh the gravity of the offense against the severity of the sentence. *United States v. Moore*, 643 F.3d 451, 454–55 (6th Cir. 2011). If the comparison reveals an "inference of gross disproportionality," then we compare the sentence to the sentences of offenders in this and other jurisdictions. *Id.* at 455–56.

Here, Ellis failed to demonstrate that his five-year statutory minimum sentence was grossly disproportionate to the gravity of his conviction for intent to distribute cocaine base. First, distribution of cocaine base is a serious offense. *See Harmelin*, 501 U.S. at 1002–03 (Kennedy, J., concurring) ("Possession, use, and distribution of illegal drugs represent 'one of the greatest problems affecting the health and welfare of our population,'" and there is "a direct nexus between illegal drugs and crimes of violence.") (quoting, in part, *Treasury Emp. v. Von Raab*, 489 U.S. 656, 668 (1989))). Second, Ellis received the minimum sentence, and "[a] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *Moore*, 643 F.3d at 455. Finally, "Eighth Amendment jurisprudence grants 'substantial deference' to the

legislatures who determine the types and limits of punishments." *Id.* at 456. Ellis presents—and we find—no reason to disturb Congress's judgment in this case.

Furthermore, while Ellis claims that mitigating factors—the firearm was unloaded and this was his first adult felony conviction—support his argument, we previously have explained that "the imposition of a mandatory sentence without considering mitigating factors does not . . . run afoul of the Eighth Amendment." *Id.* at 455; *see Harmelin*, 501 U.S. at 994 (upholding mandatory life sentence for possession of cocaine even though state court did not consider the defendant's felony-free record). In short, because the comparison of the gravity of Ellis's offense and the severity of this sentence "does not reveal an inference of gross disproportionality, [this Court] need not engage in the second step of the proportionality analysis by comparing [Ellis's] sentence with those of offenders in this and other jurisdictions." *Moore*, 643 F.3d at 456 (citing *Harmelin*, 501 U.S. at 1005 (Kennedy, J., concurring)).

B.

In the interest of completeness, we also note that even if we did move on to the second step and consider the factors suggested in *Solem v. Helm*, 463 U.S. 277 (1983), Ellis's claim still would fail. We repeatedly have rejected claims that mandatory minimum sentences under 21 U.S.C. § 841 violate the Eighth Amendment. *See United States v. Graham*, 622 F.3d 445, 453 (6th Cir. 2010) (collecting cases). Indeed, as Ellis concedes, every court in this circuit to have considered this question has affirmed the imposition of a mandatory minimum sentence, and in *United States v. Calloway* we held that "an error cannot be plain where every court to have considered the matter has found it not to be an error at all." 116 F.3d 1129, 1136 (6th Cir. 1997). Finally, the fact that Ellis

also received a five-year sentence under 18 U.S.C. § 924(c) does not change the analysis; we have continuously rejected challenges to consecutive sentences imposed under § 924(c). *See, e.g.*, *United States v. Watkins*, 509 F.3d 277, 282 (6th Cir. 2007) (rejecting Eighth Amendment challenge where the defendant was sentenced to 188 months for his robbery and conspiracy convictions and an additional 1,584 months pursuant to § 924(c)); *see also United States v. Abbott*, 131 S. Ct. 18, 22–23 (2010). Accordingly, the district court did not commit plain error or violate the Eighth Amendment when it sentenced Ellis to a five-year mandatory minimum sentence on Count III and a consecutive five-year sentence on Count IV.

The district court's judgment is affirmed.