NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1075n.06

No. 11-6404

FILED

*Oct 12, 2012*

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff-Appellee,              )
                                         )
                                         )    ON APPEAL FROM THE
v.                                       )    UNITED STATES DISTRICT
                                         )    COURT FOR THE WESTERN
GARY LLOYD KEITH,                        )    DISTRICT OF KENTUCKY
                                         )
    Defendant-Appellant.             )
                                         )

BEFORE:  KEITH, MARTIN, and ROGERS, Circuit Judges.

PER CURIAM.  Gary Lloyd Keith appeals his conviction for receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2), and for possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

Following the jury's verdict finding Keith guilty of both charges, the government moved to dismiss the possession charge.  The district court granted the motion and sentenced Keith to 180 months of imprisonment.  On appeal, Keith argues that:  1) the district court erred by permitting the prosecutor to introduce evidence of his prior convictions for the purpose of establishing identity and motive under Federal Rule of Evidence 404(b)(2); 2) the district court violated his double-jeopardy rights by permitting the trial to proceed on both offenses; and 3) the district court erred by allowing the prosecutor to determine which charge to dismiss following the jury's guilty verdict.

Keith asserts that the district court erred by permitting the prosecutor to present evidence of his prior convictions. He states that the evidence was irrelevant to the issues of identity and motive. In addition, the probative value of the evidence was substantially outweighed by its prejudicial effect. The legal determination regarding the admission of evidence of a prior conviction under Rule 404(b) is reviewed de novo. *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012). However, "we review for abuse of discretion the determination that the probative value of the evidence is not substantially outweighed by unfair prejudicial impact." *Id.* When reviewing whether the district court properly balanced the probative value and "unfair prejudicial impact," we consider "the evidence in the light most favorable to [the] proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004) (internal quotation marks and citation omitted).

The evidence of Keith's prior convictions was admissible for the proper purpose of establishing both identity and motive. The evidence tended to show that Keith was the individual responsible for the child pornography found on the computer and that his motive for obtaining it was to replace the child pornography that had been seized in connection with his prior arrest. *See United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006). Further, given the importance of the evidence for establishing identity and the fact that the district court repeatedly gave clear limiting instructions to the jury concerning the evidence, the district court did not abuse its discretion when weighing the probative value of the evidence against its prejudicial effect. *See United States v. Myers*, 123 F.3d 350, 363 (6th Cir. 1997).

Keith argues that the district court violated his double jeopardy rights by permitting the trial to proceed on both charged offenses because the offenses are effectively the same. We review the legal aspect of questions of double jeopardy de novo. *United States v. Jones*, 489 F.3d 243, 254 (6th Cir. 2007). Keith's double jeopardy rights were not violated because a charged offense and a lesser included offense may be tried simultaneously, and because the district court dismissed the lesser-included offense of possessing child pornography before entering judgment and sentenced Keith only on the charge of receiving child pornography charge. *See United States v. Ehle*, 640 F.3d 689, 698–99 (6th Cir. 2011).

Finally, Keith argues that the district court erred by allowing the prosecutor to decide which charge to dismiss following the jury's guilty verdict. Keith asserts that the decision should have been made by the district court. Because Keith did not raise this objection in the district court, we review the argument for plain error. *See United States v. Corp*, 668 F.3d 379, 387–88 (6th Cir. 2012). To establish plain error, Keith must show that an obvious or clear error affected both his substantial rights and the fairness, integrity, or public reputation of the judicial proceeding. *See United States v. Inman*, 666 F.3d 1001, 1003–04 (6th Cir. 2012). The district court did not err because the court made the decision to dismiss the possession charge upon the government's motion after noting that the charge carried the lesser penalty. *See United States v. Avery*, 128 F.3d 966, 972 (6th Cir. 1997).

The district court's judgment is affirmed.