*United States v. Almonte*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                     *Chief Judge*,
            DENNIS JACOBS,
            RICHARD C. WESLEY,
                     *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

                     *Appellee*,

           v.                                                            No. 14-4296

JOSE ALMONTE,

                     *Defendant-Appellant*.

———————————————————————————

For Appellee:              Jane Kim & Karl Metzner, Assistant United States Attorneys,
                           *for* Preet Bharara, United States Attorney for the Southern
                           District of New York, New York, NY.

For Defendant-Appellant:   Darrell B. Fields, Federal Defenders of New York, Inc., New
                           York, NY.

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Jose Almonte appeals his judgment of conviction of two counts of possession of material containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and two counts of receipt of material containing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B). We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

On January 19, 2011, federal agents searched Almonte's apartment in the Bronx because they had identified IP addresses associated with his name and address that they believed were used to download and view child pornography. During the search, the agents seized various electronic equipment containing approximately 1,300 videos and more than 8,000 images of children engaged in sexual acts, including a laptop, an external hard drive, and a desktop computer with three hard drives. They did not arrest Almonte at that time.

On January 4, 2012, law enforcement agents arrested Almonte at a new residence in the Bronx. He admitted to having downloaded more child pornography and consented to a search of his new computers and electronic media, including a laptop and an external hard drive. The items contained approximately 500 videos and 2,000 images depicting children engaged in sexual acts.

Almonte was charged and tried on a four-count superseding indictment. The first set of possession and receipt counts relates to materials obtained during the January 19, 2011 search. The second set of possession and receipt counts relates to materials obtained during the January 4, 2012 search.

Before trial, defense counsel asked that the jury be informed of the five-year mandatory minimum sentence associated with a conviction for receipt of child pornography and, more specifically, that a conviction for receipt of child pornography carries more serious consequences than a conviction for possession, for which there is no mandatory minimum sentence. The government opposed the request and, following argument, the district court denied the request.

At the conclusion of trial, the jury convicted Almonte on all four counts. The district court imposed the five-year mandatory minimum prison term for both counts of receipt of child pornography and imposed prison terms of two years for each of the counts of possession. All of the sentences run concurrently.

Almonte first argues that the district court abused its discretion in declining to inform the jury about the five-year mandatory minimum associated with a conviction for receipt of child pornography. In support of his position, Almonte relies on our decision in *United States v. Polouizzi*, where we recognized that "in some, albeit limited, circumstances it may be appropriate to instruct the jury regarding [the] consequences [of its verdict]." 564 F.3d 142, 161 (2d Cir. 2009). However, in *Polouizzi*, we did not need to decide the circumstances under which such an instruction would be within the discretion of the district court. There, like here, the district court declined to give the jury an instruction about the mandatory minimum applicable to a conviction for receipt of child pornography. We held that "it was certainly within the trial court's discretion to decline to instruct the jury on the mandatory minimum sentence." *Id.* at 162.

Almonte fails in any meaningful way to distinguish his case from the facts in *Polouizzi*. He takes issue with the district court's rationale for denying the instruction, arguing that the court improperly applied a blanket prohibition against instructing jurors on the consequences of their verdict. In fact, the district court stated, very much in line with our decision in *Polouizzi*, that

3

"giving the jury any information about . . . a mandatory minimum . . . is completely foreign to the *usual* proceeding." *See* Tr., 11–12, Mar. 12, 2014, Dist. Ct. ECF No. 51 (emphasis added). Almonte has not provided us with any reason why this case would fall into the unusual circumstance where it would be within the court's discretion to instruct the jury with regard to a mandatory minimum, let alone justification to find that the court abused its discretion in declining to so instruct the jury. Accordingly, we affirm the district court's ruling on this issue.

Almonte next argues that his convictions of both possession and receipt of the same set of materials containing child pornography violated the Double Jeopardy Clause. Specifically, he argues that the government in its summation and the district court in its instructions to the jury were not precisely clear in informing the jury of the independent basis for each possession and receipt count. Because he did not raise this issue before the district court, we review the district court judgment for plain error. Fed. R. Crim. P. 52(b); *Johnson v. United States*, 520 U.S. 461, 466–67 (1997).

Almonte asks us to join a number of our sister circuits in holding that possession is a lesser-included offense of receipt of child pornography and, therefore, that convictions for both that are based on the same underlying pornographic material violate the Double Jeopardy Clause. *See United States v. Benoit*, 713 F.3d 1, 16 (10th Cir. 2013); *United States v. Ehle*, 640 F.3d 689, 698 (6th Cir. 2011); *United States v. Muhlenbruch*, 634 F.3d 987, 1003 (8th Cir. 2011); *United States v. Bobb*, 577 F.3d 1366, 1373–74 (11th Cir. 2009); *United States v. Miller*, 527 F.3d 54, 72 (3d Cir. 2008); *United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008). We have previously stated that we find the reasoning of these circuits persuasive. *See Polouizzi*, 564 F.3d at 159.

4

However, we need not reach that issue in this case. Whether or not convictions for receipt and possession based on a single item of child pornography would violate the Double Jeopardy Clause, given the vast number of images and videos on the electronic equipment seized during each search, Almonte's respective convictions for possession and receipt could have been based on different images or videos. *See United States v. Irving*, 554 F.3d 64, 79 (2d Cir. 2009). Furthermore, even assuming that the government and district court erred in failing to specify the precise evidence on which each count of possession and receipt was based, the error affected neither Almonte's substantial rights nor the integrity of the proceedings. There was "ample proof of separate [images and] videos that formed the bases of the receipt and possession convictions," *United States v. Halliday*, 672 F.3d 462, 471 (7th Cir. 2012), and "[i]t hardly serves the interests of fairness to overturn verdicts that [Almonte's] inaction allowed to be ambiguous and that may be substantively unflawed," *Irving*, 554 F.3d at 79.

We have considered Almonte's remaining arguments and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5