<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 17a0021n.06

Case Nos. 16-5168/5391

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jan 10, 2017<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE WESTERN |
| JAMES FALLER II, | ) | DISTRICT OF KENTUCKY |
|  | ) |  |
| Defendant-Appellant. | ) |  |

**O P I N I O N**

BEFORE:  SUHRHEINRICH, SUTTON, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**  Taxpayers are obligated to pay their taxes.  James S. Faller II was convicted by a jury of his peers for not paying his, attempting to evade the obligation, and committing related offenses.  He was sentenced to 36 months' imprisonment.  He now appeals his conviction and asks for a new trial, raising a litany of challenges to the proceedings in district court.  Because his arguments have no merit, we affirm the district court and deny his motions.

Faller was indicted on eleven counts for violations of the Internal Revenue Code.  He represented himself during the subsequent two-week trial and raised a defense largely based on what he believes is a wide-ranging government conspiracy against him.  Twelve jurors found his defense unpersuasive and convicted him on ten of the eleven counts.  Following his conviction,

Faller filed several motions asking the district court for a new trial. The district court denied these motions. Faller now brings this timely, consolidated appeal.[1]

**I.**

Faller, through his court-appointed attorney and supplemental pro se briefing, raises seven arguments that he asserts require this court to dismiss his conviction.

First, he argues that the police failed to preserve a Dell laptop computer which he claims contained exculpatory evidence. Because Faller preserved this argument by raising it in his post-conviction motions filed in the district court, we review de novo.[2] *See United States v. Wright*, 260 F.3d 568, 570 (6th Cir. 2001). Following *Brady v. Maryland*, 373 U.S. 83 (1963), the government must "disclose all exculpatory and impeachment evidence that is in the government's possession in time for use at trial." *United States v, Smith*, 749 F.3d 465, 492 (6th Cir. 2014) (internal quotation marks removed). But the government says it never possessed the laptop—it went missing when one of Faller's associates sent it off for repairs—and therefore had no duty to discover its whereabouts or somehow disclose its contents. *See United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007). The record supports this position. And Faller makes no showing that the government possessed the laptop, he merely asserts—without any support—that the associate who supposedly sent the computer off for repairs was part of the government's conspiracy to get him. Absent more, Faller has failed to show the government owed any duty with regard to the laptop. Thus, the missing computer (and exculpatory evidence it supposedly contained) provide no grounds for dismissing his conviction on this appeal.

---

[1] This court previously affirmed the district court's order denying Faller's two pro se motions for release on bail pending appeal.

[2] We construe Faller's pro se pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Doing so, we find Faller raised the failure-to-preserve argument, though less than clearly, in his second motion for a new trial. (R. 356, PID 8043–44.)

Next, Faller argues that the district court's refusal to order the government to disclose grand jury testimony of a witness he called at trial—Special Agent Matthew Sauber—constituted reversible error pursuant to the Jencks Act, 18 U.S.C. § 3500. We review a district court's ruling on the production of Jencks Act material for clear error. *United States v. Baker*, 562 F. App'x 447, 454 (6th Cir. 2014) (citing *United States v. Nathan*, 816 F.2d 230, 237 (6th Cir. 1987)). The Jencks Act "directs the government to produce statements or reports made or used by government witnesses at trial." *United States v. Macias-Faria*, 706 F.3d 775, 779 n.1 (6th Cir. 2013). However, Faller requested the government to produce statements made by a witness *he* called at trial—not a witness "called by the United States on direct examination." 18 U.S.C. § 3500(b). Thus, the district court did not err; the Jencks Act is inapplicable.

Third, Faller asserts that the district court's conduct showed improper bias, denying him a fair trial. Because Faller never sought recusal of the presiding judge and did not object during trial to the relevant statements made by the court, we review the court's conduct for plain error. *United States v. McAllister*, 693 F.3d 572, 584 (6th Cir. 2012). Plain error requires Faller to "show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* Faller points to five isolated comments and questions made by the district court as evidence of bias. But none of the statements—especially when read in the context of the two-week trial— show bias. Instead, the court's comments and questions, only three of which were heard by the jury, are best understood as attempts by the court to clarify and avoid redundancies. At worst, an isolated statement by the court may have expressed some modicum of frustration at Faller's often convoluted pro se defense. But the court's conduct does not indicate bias such that Faller was denied a fair trial; he has failed to show plain error.

Faller's next set of arguments is that there was insufficient evidence to sustain his conviction. We review de novo. *United States v. Fisher*, 648 F.3d 442, 450 (6th Cir. 2011). In determining whether there is sufficient evidence to preserve a conviction, we read the evidence in the light most favorable to the prosecution and ask whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Martinez*, 588 F.3d 301, 314 (6th Cir. 2009). This court must defer to the jury's credibility determinations and may not "reweigh the evidence" or "re-evaluate the credibility of witnesses." *Fisher*, 648 F.3d at 450.

To begin with, Faller challenges his conviction under 26 U.S.C. § 7201 for sufficiency of the evidence. In order to prove a violation of § 7201, the government must prove willfulness, existence of a tax deficiency, and an affirmative act constituting evasion of the tax. *United States v. Heath*, 525 F.3d 451, 456 (6th Cir. 2008). Faller asserts there was insufficient evidence that he willfully or affirmatively evaded his tax obligations. We disagree. The government presented evidence that Faller made false statements to an IRS official, provided false information to his accountant, titled his home and opened a bank account in the name of a trust in which he deposited checks, and withdrew large sums of cash from the accounts he controlled. These efforts to conceal his assets permit a rational juror to find Faller knew he owed taxes but intentionally set out to avoid paying them. This is sufficient evidence to sustain the conviction. *See United States v. Daniel*, 956 F.2d 540, 542–43 (6th Cir. 1992).

Faller also challenges his conviction for attempting to obstruct the IRS in the collection of taxes due from 2006 through 2011 in violation of 26 U.S.C. § 7212. This court has held that, in part, this provision requires the government to show the defendant "knew of a pending IRS proceeding when he engaged in the conduct that impeded the IRS's ability to administer the

revenue code." *United States v. Miner*, 774 F.3d 336, 342 (6th Cir. 2014). Faller argues, for the first time on appeal, that there was no pending IRS proceeding during the relevant time period, and so his conviction was not supported by sufficient evidence. However, a review of the record reveals that the government presented to the jury sufficient evidence to show that there were IRS proceedings of which Faller was aware from 2006 through 2011, including steps taken by the IRS to collect Faller's unpaid income taxes and an outstanding trust fund penalty. This evidence is sufficient to sustain the conviction.

Faller also asserts that his 26 U.S.C. § 7206(1) conviction, for knowingly giving false information to the IRS, cannot be sustained on the evidence presented. This argument hinges on testimony at trial that the relevant form, submitted to the IRS with false information, was blank when Faller signed it. But the government presented opposing witness testimony that Faller provided the information on the form before he signed it. Thus, Faller asks us to reweigh the evidence and make a credibility determination, which we may not do. *Fisher*, 648 F.3d at 450.

Next, Faller argues that his 26 U.S.C. § 7203 (willful failure to file) convictions must be dismissed as lesser included offenses of his 26 U.S.C. § 7201 (tax evasion) charges. *See United States v. Ehle*, 640 F.3d 689, 697 (6th Cir. 2011) (holding that a conviction under two statutory provisions violates the Double Jeopardy clause where one constituted a lesser included offense of the other). The § 7203 charges were based on Faller's failure to file taxes by each year's filing deadline. (R. 1, Indictment, PID 9.) However, Faller's tax evasion charges were not based on a failure to file on time; they were based on the charge that, when he did file, the returns were false. (*Id.* at PID 4–8.) Thus, Faller's conviction of tax evasion does not call for dismissal of his willful failure to file charges as lesser included offenses—the two charges contain separate

elements based on distinct conduct. The Double Jeopardy clause is not implicated. *See also United States v. Becker*, 965 F.2d 383, 391 (7th Cir. 1992).

Faller makes two final arguments. First, he asserts that the government improperly bolstered Special Agent Sauber during closing arguments when it made the following statement:

> I want to suggest to you that one of the people that's tasked with doing a hard job is this fine agent behind me, Matt Sauber, who has been the subject of an unrelenting bombardment of insults and invectives during this case. I have been a prosecutor for 30 years. You can't offend me with a two-by-four, but I am offended when someone who is trying to do their job is attacked like he has been attacked in this case.

(R. 263, Trial Transcript, PID 5856.) Faller says this statement crossed the line into improper bolstering of Sauber and that, because Sauber's credibility was critical to the case, the error was not harmless. We apply a two-step test to claims of prosecutor misconduct. "First, we determine whether the statements were improper. Second, we ask whether the remarks were so flagrant as to warrant reversal." *United States v. Boyd*, 640 F.3d 657, 669 (6th Cir. 2011).

Here, we resolve the issue at the first step: the statement was not improper. "Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the office of the United States Attorney behind that witness." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999). "Generally, improper vouching involves either blunt comments . . . or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." *Id.* (internal citations removed). Here, the prosecutor's comment is neither blunt nor implicit vouching—in fact, it does not speak to Sauber's credibility at all. Rather, read in context, the statement was intended to cast doubt on Faller's efforts to paint Sauber as a critical player in a government conspiracy to "get Faller." This conduct does not amount to improper bolstering.

Faller's final argument is that the district court erred in failing to hold a *Franks* hearing on his motion to suppress evidence found pursuant to the executed search warrant of his home and office. We review the district court's findings of fact for clear error and legal conclusions de novo. *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001). A defendant is entitled to a *Franks* hearing if he "makes a *substantial* preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and that "the allegedly false statement is necessary to the finding of probable cause." *Id.* (emphasis added).

Faller has made no such showing. The warrant affidavit was prepared by Special Agent Sauber and was based on information provided by a confidential source later revealed to be Faller's long-time assistant, Kelly Sullivan. Faller baldly claims that much of the information provided by Sullivan was false and unsubstantiated and that she was a de facto government agent (yet another bit player in the perceived conspiracy). But Faller has proffered no evidence to show the affiant, Sauber, either knowingly and intentionally, or with disregard for the truth, included any false statements in the affidavit. Faller does not even specify a single statement included in the affidavit that may have been false. A defendant is not entitled to a *Franks* hearing by broadly claiming information in an affidavit is false—Faller must make the substantial preliminary showing that Sauber was at least reckless as to this fact. Faller has not done so. Thus, the district court did not err by denying him a *Franks* hearing.

**II.**

For the foregoing reasons, Faller's conviction is AFFIRMED.