*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0266a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

No. 09-3231

GARY J. DUDECK, JR.,

        *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 08-00098-001—Donald C. Nugent, District Judge.

Decided and Filed: September 14, 2011

Before: KEITH, McKEAGUE, and KETHLEDGE, Circuit Judges.

_____

### COUNSEL

_____

**ON BRIEF:** John B. Gibbons, Cleveland, Ohio, for Appellant. Daniel R. Ranke, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. Gary James Dudeck, Jr., Ashland, Kentucky, pro se.

_____

### AMENDED OPINION

_____

KEITH, Circuit Judge. Defendant-Appellant Gary J. Dudeck, Jr. ("Dudeck") pled guilty to a three-count indictment charging him with receipt of visual depictions of minors engaged in sexually explicit conduct, receipt and/or distribution of child pornography, and possession of child pornography. The district court imposed concurrent terms of imprisonment on each of the three counts charged in the indictment. Dudeck appeals and asserts that double jeopardy precludes convictions for all three counts. Dudeck also appeals his sentence and contends that the 120-month sentence he

received for each conviction was unreasonable and greater than necessary to comply with 18 U.S.C. § 3553(a). Possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) is a lesser-included offense of receipt of child pornography under 18 U.S.C. § 2252A(a)(2)(A). It is unclear whether Dudeck's two convictions under 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(2)(A) were based on receiving the same images. Nevertheless, it is possible that separate conduct or images underlie each of Dudeck's convictions. Therefore, the case is **REMANDED** for a determination by the district court whether separate acts or conduct underlie Dudeck's convictions for receipt and possession as to each of the three convictions.

## I. BACKGROUND

Following their investigation of a child pornography website, on April 19, 2007, Federal Bureau of Investigation ("FBI") agents interviewed Dudeck about his purchase of a subscription to a child pornography website. Dudeck consented to a search of his computer and admitted to downloading pornography and searching for images containing the word "teen." FBI agents viewed images containing child pornography on Dudeck's computer during their search, and they seized the computer. An investigation concluded that between March 18, 2007 and April 19, 2007, Dudeck used his home computer, connected to the internet, to download 958 images of child pornography and depictions of real minors engaging in sexually explicit conduct. The investigation revealed that Dudeck stored those images in a directory he created on his computer. From April 6, 2007 to April 16, 2007, he also downloaded thirty-three videos and stored them in the same directory. The images and videos included masturbation, oral and vaginal intercourse on occasions with adult men and prepubescent females, and oral and anal sexual intercourse between prepubescent males.

Dudeck was indicted by a Grand Jury on February 27, 2008. Count One of the indictment charged Dudeck with knowing receipt by computer, of images and videos containing depictions of real minors engaged in sexually explicit conduct, from about March 18, 2007 through April 19, 2007, in violation of 18 U.S.C. § 2252(a)(2). Count Two charged Dudeck with knowingly receiving and distributing child pornography from

about March 18, 2007 through April 19, 2007, in violation of 18 U.S.C. § 2252A(a)(2)(A). Count Three charged Dudeck with knowingly possessing a computer that contained images of child pornography, on about April 19, 2007, in violation of 18 U.S.C. § 2252A(a)(5)(B). Dudeck signed a written plea agreement admitting to all three counts of the indictment. The parties did not express an agreement as to sentencing. The district court accepted Dudeck's plea of guilty as to all three counts of the indictment.

At Dudeck's sentencing hearing, Dudeck sought an adjustment in his United States Sentencing Guidelines offense level, asserting that as to the receipt and/or distribution charge, Count Two, he did not distribute child pornography. The district court sustained Dudeck's objection and granted a two-level reduction in the Guidelines offense level and found Dudeck's Guidelines adjusted offense level to be 30, with a criminal history category of I, resulting in a Guidelines sentencing range of 97 to 121 months' imprisonment. The district court imposed concurrent terms of imprisonment of 120 months as to each count.

## II. ANALYSIS

Dudeck's appeal to this court is predicated upon double jeopardy and the purported unreasonableness and unnecessary length of the sentence he received.

### A. Double Jeopardy

#### *1) Standard of Review*

Dudeck did not raise his double jeopardy claim before the district court, thus, this Court reviews the double jeopardy claim for plain error. *United States v. Branham*, 97 F.3d 835, 842 (6th Cir. 1996). To establish plain error, the defendant must show that there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (citation and internal quotation marks omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity,

or public reputation of judicial proceedings." *Id.* (citations and internal quotation marks omitted).

### 2) Discussion

The Double Jeopardy Clause in the Constitution precludes putting any person twice "in jeopardy of life or limb" for the same offense. U.S. Const. amend. V. Thus, a defendant cannot be punished for the same offense twice. "However, 'a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause.'" *United States v. DeCarlo*, 434 F.3d 447, 454 (6th Cir. 2006) (quoting *Albernaz v. United States*, 450 U.S. 333, 344 n.3 (1981)). When Congress has authorized multiple punishments arising out of a single act, the Double Jeopardy Clause merely prevents "the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). If the legislative history does not clearly reveal whether the legislature intended that multiple punishments be imposed for the same conduct, the court applies the presumption that multiple convictions contravene legislative intent. *Id.* at 366-67. In short, when two statutes criminalize the same offense, absent a clear indication that multiple punishments were contemplated by Congress, the Constitution's Double Jeopardy Clause shields a defendant from conviction and sentencing under both provisions. The Supreme Court clarified its approach in *Blockburger v. United States*, 284 U.S. 299 (1932), where it defined the applicable test as follows: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. Thus, this Court must identify the proof necessary to establish the statutory elements of each offense. *Illinois v. Vitale*, 447 U.S. 410, 416 (1980).

Here, Dudeck contends that his convictions for receiving visual depictions of minors engaging in sexually explicit conduct in violation of § 2252(a)(2), receiving child pornography in violation of § 2252A(a)(2)(A), and possessing child pornography in violation of § 2252A(a)(5)(B) violated the Constitution's prohibition on double jeopardy

in light of *United States v. Schales*, 546 F.3d 965 (9th Cir. 2008). Succinctly, Dudeck asserts that he could not receive child pornography without also possessing it; and, therefore, he was subjected to double jeopardy for being punished for receipt and possession of the same child pornography upon his view that possession is a lesser-included offense of receipt.

Pursuant to § 2252(a)(2)(A), it is a criminal offense if any person

> knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer . . . if . . . the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

Section 2252A(a)(2)(A) authorizes punishment for "any person who . . . knowingly receives or distributes any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer." Similarly, § 2252A(a)(5)(B) provides that it is illegal to "knowingly possess[] . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting commerce by any means, including by computer . . . ." Thus, as Dudeck argues, if the Government has proven that a person "knowingly receives" child pornography in violation of § 2252A(a)(2)(A), it also follows that the Government has necessarily proven that the person "knowingly possesses" child pornography in violation of § 2252A(a)(5)(B). *Schales*, 546 F.3d at 978; *see Blockburger*, 284 U.S. at 304.

The issue of whether conviction is permissible under both 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C. § 2252(A)(a)(5)(B) for the same pornographic materials has already been addressed by this court. In *United States v. Ehle*, this court held that possession under § 2252(A)(a)(5)(b) is a lesser-included offense of receipt under

§ 2252A(a)(2)(A).[1] 640 F.3d 689, 698 (6th Cir. 2011). Foreclosing the arguments made by the government here, it further held that each of the two provisions does not require proof of a fact that the other does not; and, therefore, proscribes the same offense under *Blockburger*. *Id.* Lastly, it discussed the legislative history of these provisions, noting that "the crime of 'knowingly possessing' child pornography was meant as a gap-filling provision, targeting those who 'possessed' child pornography without having also 'received' the same child pornography." *Id.* Therefore, it held that Congress has not "plainly express[ed]" an intention to impose multiplicitous punishments for receipt and possession of the same child pornography, *id.*; and, thus, punishment for both offenses would be "greater punishment than the legislature intended," in violation of the Double Jeopardy Clause. *Hunter*, 459 U.S. at 366.

Indeed, other circuits have recognized that "[t]he jurisprudence concerning the receipt and possession provisions of 18 U.S.C. § 2252 and the comparable provisions of 18 U.S.C. § 2252A often converges" since "[t]hese statutory provisions . . . [are] materially identical." *Miller*, 527 F.3d at 64 n.10 (internal quotation marks omitted). However, they also recognize that the inquiry into whether an offense constitutes a lesser-included offense is bound to the facts of the case. *See Blockburger*, 284 U.S. at 304; *see generally United States v. Bryner*, 392 F. App'x 68, 73-74 (3d Cir. 2010) (recognizing that pursuant to *Miller*, 527 F.3d at 71-72, defendant's convictions for both receipt and possession of child pornography did not violate the Double Jeopardy Clause since the defendant was charged with receiving 82 images of child pornography in count one and possessing over 1000 images of child pornography in count two). In *Schales*, the Ninth Circuit remanded the case back to the district court to vacate one of the defendant's convictions, after the court found that the Double Jeopardy Clause prevented convictions for receiving material involving the sexual exploitation of minors in violation of § 2252(a)(2) and for possessing material involving the sexual exploitation

---

[1] Similarly, the Third, Eighth, and Eleventh Circuits have held that "possession of child pornography in violation of § 2252A(a)(5)(B) is a lesser-included offense of receipt of child pornography in violation of § 2252A(a)(2)." *United States v. Miller*, 527 F.3d 54, 72 (3d Cir. 2008); *accord United States v. Muhlenbruch*, 634 F.3d 987, 1003-04 (8th Cir. 2011); *United States v. Bobb*, 577 F.3d 1366, 1373-75 (11th Cir. 2009).

of minors in violation of § 2252(a)(4)(B).  546 F.3d at 969.  The court found that possession was "a lesser-included offense of receipt"; and, therefore, on the facts present, convictions could not be sustained for both.  *Id.* at 978-80.  The court noted that the underlying acts were based on the same conduct but stated that no double jeopardy violation would have occurred had the defendant been charged with receipt for downloading proscribed images from the internet and separately charged with possessing the same material, transferred to and stored in a different medium (e.g., on compact discs).  *Id.* at 980.

In *Bobb*, while the Eleventh Circuit found that possession of child pornography was a lesser-included offense of receipt of child pornography, it nonetheless affirmed the defendant's convictions for both since it found that the indictment appropriately contained conduct necessary to sustain two separate offenses.  577 F.3d at 1375 (noting that defendant was charged with receiving seven videos and several picture files on November 12, 2004, but separately charged with possessing more than 6,000 additional picture files in August 2005); *see generally United States v. Sturm*, Nos. 09-1386/5022, 2011 U.S. App. LEXIS 6864, at *37 n.5 (10th Cir. Apr. 4, 2011) (en banc) (declining to decide whether possession of child pornography in violation of § 2252A(a)(5)(B) is a lesser-included offense of receipt of child pornography in violation of § 2252A(a)(2), but affirming convictions for both since the defendant's convictions were based upon two distinct acts).  Similarly, in *United States v. Polouizzi*, 564 F.3d 142, 158-59 (2d Cir. 2009), the Second Circuit found the reasoning of the Third and Ninth Circuits persuasive, but nonetheless upheld convictions for both receipt and possession because the defendant "was charged with possessing certain images of child pornography the receipt of which do not form the basis for a separate receipt count."  *Id.* at 159.  Because the defendant was not charged with both in regards to at least a few files, "his possession of those files [was] not merely incident to an act of receiving for which he already ha[d] been punished."  *Id.*

The Seventh Circuit recently addressed a double jeopardy claim regarding convictions for distribution of child pornography in violation of § 2252(a)(2) and

possession of child pornography in violation of § 2252(a)(4)(B). *United States v. Faulds*, 612 F.3d 566 (7th Cir. 2010). There, the defendant asserted that *Schales* necessitated that one of his convictions be vacated. The court noted that the defendant's convictions were based upon a jury finding that he distributed child pornography on July 16, 2006 and possessed that same child pornography and other materials constituting child pornography a month later on August 18, 2006. Thus, the court held that *Schales* was inapplicable and the defendant was not subjected to double jeopardy, since his two convictions were based on different acts that occurred more than a month apart. *Id.* at 570-71.

These decisions collectively indicate that while possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both statutes is permissible if separate conduct is found to underlie the two offenses. Here, the Government contends that separate conduct is present because Dudeck's convictions for receipt and distribution of child pornography were based upon his intentional searches for child pornography including the word "teen," and his views of images and videos returned from said searches. The Government states that Dudeck's conviction for possession of child pornography was based upon the 983 downloaded images and thirty-three video files he had stored on his computer. Thus, the Government contends that there is a temporal and substantive difference between the receipt and possession counts such that no double jeopardy violation occurred.

The indictment and plea agreement fail to explicitly allege separate acts for each count, separate dates for these actions, or separate illicit items as the basis for each count. However, the presentence report contains more information, revealing the possibility that there is more than one "act" here, and that identifiably separate conduct can properly serve as the basis for each receipt conviction. It does not appear that Dudeck simply pushed "download" and received all of the files at issue. Instead, he may have possessed images that he did not "receive" during the time period alleged in the indictment. He also downloaded images and then "stored them in a directory created by [himself] in the Windows directory of his computer."

We are unable to determine from the record before us whether, in fact, the possession (§ 2252A(a)(5)(B)) and receipt (§ 2252A(a)(2)(A)) convictions rest upon separate factual bases. This is because it is not clear from the face of the indictment or other documents that both charges were based on the very same conduct, nor is it clear they were based on different conduct. Since the inquiry into whether an offense is a lesser-included charge is bound to the facts of the case, *see Blockburger*, 284 U.S. at 304, more fact-finding is needed and therefore remand is appropriate.

On remand, the district court should determine if the record reflects that receipt and possession occurred on different dates (*see Bobb*, 577 F.3d at 1375); that after receipt, possession was undertaken by transfer to a different medium (*see Schales*, 546 F.3d at 980); or that Dudeck was charged with possession of child pornography images for which he was not also charged with receipt (*see Polouizzi*, 564 F.3d at 159); such that separate punishment for receipt and possession is permissible. If Dudeck was charged with receipt of any images for which he was not also charged with possession—and vice-versa—the two can be punished as separate offenses. *Bobb*, 577 F.3d at 1375.

If it cannot be determined that separate and distinct conduct occurred for each offense, this case is controlled by *Ehle*: conviction for both receipt and possession based on the same images violates the Double Jeopardy Clause. *See* 640 F.3d at 698. In that case, the district court shall vacate Dudeck's conviction as to Count Two of the indictment and resentence him in a manner consistent with this opinion. *See DeCarlo*, 434 F.3d at 457; *cf. United States v. Avery*, 128 F.3d 966, 972 (6th Cir. 1997) (noting that in such instances, the offense with the lower punishment should be vacated, such that the offense which remains results in higher punishment). Therefore, we **REMAND** for further fact-finding by the district court.

This leaves Dudeck's conviction for Count One, receiving visual depictions of real minors engaged in sexually explicit conduct—more simply, receiving "real" child pornography—in violation of § 2252(a)(2). Dudeck asserts that this conviction, when coupled with his conviction for receiving child pornography in violation of § 2252A(a)(2) for the same conduct, also runs afoul of the Double Jeopardy Clause.

Whereas a § 2252(a)(2) violation arises only where the child pornography at issue involves real minors engaged in sexually explicit conduct, a § 2252A(a)(2) violation arises where the child pornography involves real minors *or* "virtual" minors—such as digitally created or altered minors—engaged in sexually explicit conduct. *See* 18 U.S.C. § 2256(8) (defining "child pornography" as applied to § 2252A). The record before us does not reflect whether Dudeck's convictions under this count rested on his receiving different types of images. Thus, we also **REMAND** this question to the district court for further fact-finding.

## B. Sentence Reasonableness

Since the district court may again conclude that all convictions stand, we proceed to address Dudeck's appeal of his sentence.

### 1) Standard of Review

A district court's sentencing determination is reviewed for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Review for reasonableness mandates that we ensure that the sentence was procedurally and substantively sound. *United States v. Sedore*, 512 F.3d 819, 822 (6th Cir. 2008) (citation omitted).

### 2) Discussion

Dudeck contends that the district court failed to meaningfully consider the 18 U.S.C. § 3553(a) factors, that his 120-month sentence was substantively unreasonable and arbitrary, and that the district court considered the applicable Sentencing Guidelines range to be mandatory. Dudeck further contends that the district court discarded the § 3553(a) factors.

The reasonableness of a sentence has "substantive and procedural components." *Sedore*, 512 F.3d at 822. "[I]f the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such

required consideration," the sentence imposed is procedurally unreasonable. *Id.* at 822-23 (quoting *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007)).  Additionally, "'a sentence may be substantively unreasonable where the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor.'" *Id.* (same).  Where a sentence is imposed within the appropriate Sentencing Guidelines range, "[a] rebuttable presumption of substantive reasonableness applies." *Id.*

Section 3553(a) provides that a court must "consider . . . the nature and circumstances of the characteristics of the offense and the history and characteristics of the defendant" when imposing a sentence, including

> the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct;  to protect the public from further crimes of the defendant; and to provide the defendant with needed . . . correctional treatment in the most effective manner.

Section 3553(a) also provides that the sentencing court must consider the corresponding sentencing range provided by the United States Sentencing Guidelines.

The district court pronounced a sentence of 120 months, which was within the Guidelines sentencing range of 97-121 months.  The district court heard evidence of Dudeck's extensive military service, virtually continuous work-record as a chef and lack of prior criminal offenses.  It also heard strong character references from neighbors and relatives describing him as a family man, and listened to Dudeck's own statement of remorse.  Victim impact statements from one of the children brutalized on the video clips recovered from Dudeck's computer and her parents were read before the court and a psychiatrist's opinion that Dudeck would not become a recidivist was also discussed. The district court explicitly discarded the psychiatrist's opinion since it found the opinion based solely on Dudeck's statement that he stumbled upon the child pornography while searching for adult pornography rather than the evidence admitted to by Dudeck that he actively searched and downloaded child pornography.  The district

court also discussed its own knowledge of psychiatric reports of sexual offenders, Dudeck's acceptance of responsibility and adjusted offense level for lack of distribution, and the high likelihood of recidivism of sexual offenders notwithstanding the lack of a prior criminal history. The court further discussed reports finding that most viewers of child pornography had also physically and sexually abused children and that the basis for the child pornography laws took into account each of those facts and pieces of evidence—extreme harm to children, recidivism, difficulty in discovering victims, etc. The district court thus concluded "I think the guideline sentence is appropriate."

Review of the record demonstrates that the district court's sentence was neither arbitrary nor absent consideration of the § 3553(a) factors. The sentence imposed was not procedurally or substantively unreasonable. Therefore, should the district court affirm convictions on all counts, the 120-month sentence was appropriately entered and we **AFFIRM**. We also note that, should the district court instead vacate either or both of the convictions for Counts Two and Three, the resulting guideline range, § 3553 factors, and underlying conduct would remain unchanged. The imposition of the same 120-month concurrent sentence is still possible.

### III. CONCLUSION

For the aforementioned reasons, we **REMAND** to the district court for a determination as to whether Counts One, Two and Three are supported by separate conduct or images. Should the district court uphold all convictions, we further **AFFIRM** the entry of the 120-month sentence. Otherwise the district court is instructed to vacate one or both convictions for possession under Counts Two and/or Count Three and resentence Dudeck accordingly.