NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0074n.06

No. 13-5040

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 28, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ANTONIO CLIFTON, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: GUY, GIBBONS, and ROGERS, Circuit Judges.

PER CURIAM. Antonio Clifton appeals his sentence. Clifton pleaded guilty to possessing with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court determined that Clifton's base offense level was 37 because, by virtue of his crimes and his prior controlled substance offenses in Tennessee, he was a career offender. The court subtracted two levels for acceptance of responsibility, resulting in a total offense level of 35. Based on the total offense level of 35 and a criminal history category of VI, Clifton's guidelines range was 292 to 365 months of imprisonment. The court sentenced him to 292 months for the cocaine base offense, to be served concurrently to 120-month terms for the other offenses.

Clifton appealed. His counsel filed a brief, making two arguments: (1) the district court erred by concluding that Clifton was a career offender because his predicate convictions were

void under state law; and (2) the district court failed to properly weigh the statutory sentencing factors when determining Clifton's sentence.

The district court properly relied on Clifton's prior convictions when determining that he was a career offender because the Tennessee courts have not declared the convictions void and Clifton could not challenge the convictions as void during his federal sentencing hearing. *See United States v. Ruvalcaba*, 627 F.3d 218, 222 (6th Cir. 2010). In addition, the district court's sentence was both procedurally and substantively reasonable, because the district court identified and discussed the relevant sentencing factors under 18 U.S.C. § 3553(a), including the seriousness of the crimes, Clifton's history and characteristics, and the need to promote respect for the law and protect the public, and there is nothing in the record to suggest that the court gave improper weight to any factor. *See United States v. Dudeck*, 657 F.3d 424, 431-32 (6th Cir. 2011).

Accordingly, we affirm Clifton's sentence.