# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Colonel ROBERT J. RICE**
**United States Army, Appellant**

ARMY 20160695

U.S. Army Military District of Washington
Tyesha L. Smith and Andrew J. Glass, Military Judges
Lieutenant Colonel Jacqueline Tubbs, Acting Staff Judge Advocate (pretrial)
Colonel John P. Carrell, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA (argued); Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Lieutenant Colonel Christopher D. Carrier (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Captain Cody D. Cheek, JA (on reply brief and brief on specified issue).

For Appellee: Captain Catharine M. Parnell, JA (argued); Colonel Tania M. Martin, JA; Major Cormac M. Smith, JA; Captain Catharine M. Parnell, JA (on brief); Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Catharine M. Parnell, JA (on brief on specified issue).

18 December 2018

---------------------------------------------------------------
OPINION OF THE COURT ON RECONSIDERATION
---------------------------------------------------------------

FLEMING, Judge:

Colonel Robert J. Rice was convicted of possessing and distributing child pornography in both civilian federal court and at a court-martial.[1]

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of possessing child pornography and one specification of distributing child pornography, in violation of Article 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). The military judge sentenced appellant to a dismissal from service and five years of confinement. Pursuant to appellant's pretrial agreement, the convening authority approved only a

(continued . . .)

Both at the Federal District Court for the Middle District of Pennsylvania and at his court-martial, appellant contended he was tried twice on the same charges in violation of the Double Jeopardy Clause of the Fifth Amendment to the Constitution. Before the District Court, the government agreed. Accordingly, that court granted appellant relief by dismissing the offending possession count of his civilian indictment after findings but before sentencing. Appellant now further contends he is entitled to have those military charges that duplicate the subject-matter of his dismissed District Court conviction set aside as well. We disagree.

## BACKGROUND

The circumstances that brought appellant's misconduct to light are sordid and largely irrelevant to the issue now before us. In broad terms, appellant's wife suspected him of infidelity. Her suspicion was well-founded.[2] Investigating appellant's suspected unfaithfulness, she stumbled across his collection of child pornography. She reported it to police.

Appellant possessed numerous sexually explicit images of children on his laptop computer from about August 2010 to about 29 January 2013. He also distributed sexually explicit images of children on his laptop computer between about 30 November 2010 and about 6 December 2010 and again between about 23 January 2013 and about 28 January 2013. Appellant further possessed sexually explicit images of children on an external hard drive on or about 14 November 2010.

For unknown reasons, the government elected to divide various child pornography charges between military prosecutors and prosecutors with the U.S. Attorney's Office for the Middle District of Pennsylvania. Thus ensued the debacle which we are now compelled to review.

On 6 May 2016, in District Court, appellant was convicted of one count of possessing child pornography "from on or about August 2010 to January 29, 2013," and one count of receiving or distributing child pornography "from on or about

---

(. . . continued)

dismissal from service and four years of confinement. Appellant's plea was conditioned upon appellate review of the military judge's denial of appellant's motion to dismiss the charges as a violation of double jeopardy. Appellant's case is now before us for review under Article 66, UCMJ.

[2] Among other things, it came to light appellant offered another man his services as a fetishistic sexual submissive who desired "to be caged, controlled, and service a Master [sic]."

January 23, 2013 to January 28, 2013." Evidence was offered at appellant's trial that he possessed sexually explicit images of children on both his laptop computer and his external hard drive. Appellant was not sentenced on the date of his civilian trial.

Based on his civilian convictions, appellant moved to dismiss his military charges as a violation of the Double Jeopardy Clause of the Fifth Amendment to the Constitution. The military judge denied appellant's motion. Then, on 24 October 2016, appellant pleaded guilty to two specifications of possessing child pornography and one specification of distributing child pornography. Appellant's guilty plea was conditioned on his ability to appeal the military judge's denial of his double jeopardy motion.

The first specification of possessing child pornography to which appellant pleaded guilty alleged he possessed sexually explicit images of children on his laptop computer "between on or about 25 November 2010 and on or about 11 January 2012." The second specification of possessing child pornography to which appellant pleaded guilty alleged he possessed sexually explicit images of children on his external hard drive "on or about 14 November 2010." The distribution specification to which appellant pleaded guilty alleged he distributed sexually explicit images of children "between on or about 30 November 2010 and on or about 6 December 2010." Appellant was sentenced by the military judge as discussed at the beginning of this opinion.

After being sentenced by the court-martial, appellant filed a motion in the District Court to dismiss the count of his civilian indictment for possessing child pornography. Appellant argued the Double Jeopardy Clause prohibited his sentencing by the District Court for conduct he had already been sentenced for by the court-martial. The government, represented by the U.S. Attorney for the Middle District of Pennsylvania, did not oppose appellant's motion. Accordingly, on 22 November 2016, the District Court dismissed the count of appellant's indictment for possessing child pornography. The District Court subsequently sentenced appellant to 142 months of imprisonment for his remaining conviction of receiving or distributing child pornography.

Appellant now appeals his court-martial convictions, asserting the military judge erred by denying his motion to dismiss the charges against him based on double jeopardy.

**LAW AND DISCUSSION**

What happened in this case should not happen again. Divvying-up charges in a constitutionally dubious manner imperils the fair and efficient administration of justice. Nothing in this opinion should be perceived as an endorsement of the charging scheme in this case. Indeed, had the District Court not already set aside appellant's civilian conviction for possession of child pornography and dismissed that count of his indictment, our resolution of this case would be different. Put another way, the intervention of the federal judge was necessary to clean up the mess caused when military prosecutors pursued charges duplicative of appellant's prior civilian federal conviction.

The Constitution provides that no person shall "be twice put in jeopardy" "for the same offence." U.S. Const. amend. V. This portion of the Fifth Amendment is commonly referred to as the Double Jeopardy Clause. To determine whether the Double Jeopardy Clause is violated by the prosecution of two different statutes the Supreme Court has explained, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See also United States v. Dixon*, 509 U.S. 688, 704 (1993); *United States v. Roderick*, 62 M.J. 425, 432 (C.A.A.F. 2006).[3]

Appellant contends he is entitled to relief because the offenses of which he was convicted before the District Court subsume the offenses to which he pleaded guilty at court-martial. We find merit in some, but not all of appellant's claims of double jeopardy. We shall first address appellant's receipt or distribution offenses, followed by his possession offenses, and finally, to what remedy he is entitled.

---

[3] On our own motion, we granted reconsideration of our opinion issued on 28 November 2018 in this case to clarify that *Blockburger* provides the proper test for double jeopardy in cases involving successive prosecutions. In our 28 November 2018 opinion, we outlined a second test for whether double jeopardy is violated by successive prosecutions. We originally relied on *Jordan v. Virginia*, 653 F.2d 870, 873-74 (4th Cir. 1980) and *United States v. Sabella*, 272 F.2d 206, 211-12 (2d Cir. 1959) for this proposition. Several other cases from other circuit courts of appeals between the 1930s and the 1990s conducted similar tests. Our reliance was misplaced because the Supreme Court overruled this line of cases by necessary implication in 1993. *See Dixon*, 509 U.S. at 704 (overruling *Grady v. Corbin*, 495 U.S. 508 (1990), and adopting the *Blockburger* test for successive prosecution cases as well as multiplicity cases).

*A. Appellant's Distribution Convictions did not Violate Double Jeopardy*

The unit of prosecution for receiving or distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)—the statute at issue in the District Court receipt or distribution count—is the "transaction" of receiving or distributing child pornography. *See United States v. Pires*, 642 F.3d 1, 16 (1st Cir. 2011); *United States v. Polouizzi*, 564 F.3d 142, 158 (2d Cir. 2009); *United States v. Buchanan*, 485 F.3d 274, 281-82 (5th Cir. 2007). For example, if ten sexually explicit images of children are received in a single transaction, the receiving party is guilty of only one count of receiving child pornography. Similarly, if one sexually explicit image of a child is distributed ten times in ten separate transactions, the distributing party is guilty of ten counts of distributing child pornography, even though only a single image is involved.

Appellant was convicted in District Court of one count of receiving or distributing child pornography between about 23 and 28 January 2013. Appellant's conviction of that offense requires he engaged in at least one transaction of receiving or distributing child pornography between those dates. Appellant's act of receiving or distributing child pornography in January 2013 was more than a year removed from any of the acts underlying any specification to which he pleaded guilty at court-martial. Thus, the acts of receipt or distribution underlying appellant's District Court conviction are factually distinct from the acts underlying appellant's convictions at court-martial, even if the child pornography received or distributed in 2013 was the same as the child pornography possessed and distributed from 2010 to 2012.[4]

In other words, the receipt or distribution offense required proof of an act— the transaction in 2013—not alleged in any specification to which appellant pleaded

---

[4] It is worth noting that an individual may distribute the same contraband multiple times, and each act of distribution constitutes a distinct offense. Consider, for example, a drug-dealer who sells a buyer cocaine. If the dealer later steals his own product back surreptitiously, his original buyer may return to him to purchase more contraband. The dealer-turned-thief may then sell the same cocaine back to the same buyer without his customer realizing the scheme. In this situation, the dealer has committed two offenses—disregarding the theft—because he engaged in two separate acts of distribution even though the contraband and the buyer are exactly the same. The proliferation of digital contraband makes repeated distribution of the same contraband particularly likely in the modern age.

guilty at court-martial.[5]  Likewise, every specification to which appellant pleaded guilty at court-martial required proof of an act—possessing and distributing in 2010 to 2012—not alleged in the receipt or distribution count of which appellant was convicted at the District Court.  Further, proof of the 2013 receipt or distribution offense would not have proved any of the offenses to which appellant pleaded guilty at court-martial.  *See United States v. Dudeck*, 657 F.3d 424, 430 (6th Cir. 2011) (surveying cases affirming both receipt and possession charges where "separate conduct is found to underlie the two offenses.")

### B. Appellant's Possession Convictions Violated Double Jeopardy

While appellant's District Court conviction for receipt or distribution of child pornography does not implicate double jeopardy for any of his court-martial convictions, the same cannot be said for his District Court conviction for possession. The parties now agree the government offered evidence of both appellant's laptop and appellant's external hard drive before the District Court.[6]  Appellant's resulting conviction for possession of child pornography between about August 2010 and on or about 29 January 2013 wholly subsumes appellant's possession of the self-same child pornography between about 25 November 2010 and about 11 January 2012, and on or about 14 November 2010.  *See United States v. Forrester*, 76 M.J. 479, 486-87 (C.A.A.F. 2017); *United States v. Mobley*, 77 M.J. 749, 751-52 (Army Ct. Crim. App. 2018).  In other words, appellant's possession conviction in the District Court is *factually* duplicative of his possession convictions at court-martial.  The remaining question is whether appellant's district court conviction is also *legally* duplicative of his convictions at court-martial.  We conclude it is.

---

[5]  Even if all distribution includes possession, not all possession includes distribution.

[6] In its brief on the specified issues, the government admirably conceded that evidence of both appellant's laptop, and his external hard drive—which was also referred to as a "Seagate" and "Rocketfish" hard drive—was offered at his trial before the District Court.  The government further conceded that under the recent precedent of *Forrester* and *Mobley*, the military judge erred when he found the court-martial possession charges were factually distinguishable from appellant's District Court conviction for possession.  While the law is clear in hindsight, we fully acknowledge that the correct unit of prosecution for possession of child pornography was not spelled-out in military jurisprudence until our superior court did so in *Forrester*.  At the time he ruled on appellant's motion, the military judge did not have the benefit of those cases that now guide our analysis.

Article 134, UCMJ permits prosecution of three kinds of offenses: (1) "all disorders and neglects to the prejudice of good order and discipline in the armed forces[;]" (2) "all conduct of a nature to bring discredit upon the armed forces[;]" and (3); "crimes and offenses not capital." UCMJ art. 134, UCMJ. Specifications charged under Article 134 must allege one or more of these clauses as the "terminal element." *United States v. Fosler*, 70 M.J. 225, 226 (C.A.A.F. 2011). As we discussed in *United States v. Williams*, disjunctive clauses of an offense may be charged conjunctively and proved disjunctively in a single specification. *See* 78 M.J. 543, 546-47 (Army Ct. Crim. App. 2018). It would, however, be multiplicitous to convict an accused of multiple specifications under Article 134 where the only legal or factual difference between the specifications is which clause of the terminal element is alleged in each. Put differently, the government may not obtain two convictions at the same court-martial on two specifications that are identical save for what clause of Article 134 is alleged. An accused may be convicted only once for possessing child pornography under clauses one, two, or three for the same conduct.

There is no reason to find the government may do in separate trials that which it is prohibited from doing in one. Appellant's conviction at the District Court of possessing child pornography necessarily proved every element of being a crime not capital under clause three of Article 134, UCMJ. Had the government subsequently referred charges to court-martial alleging appellant committed a crime not capital based on the same statute and conduct underlying his District Court conviction, it would plainly fail *Blockburger* analysis as his District Court conviction *is* of a crime not capital. The government may not circumvent the Fifth Amendment by choosing to omit that clause of the terminal element that would make its due process violation obvious.[7]

---

[7] Our decision in this case is necessarily narrow. Our holding is limited to the unusual facts before us. Our holding does not extend to those situations where additional substantive elements distinguish an offense charged under Article 134, UCMJ, from another criminal offense. For example, an accused may properly be charged with both rape and adultery, because rape has an element adultery does not—unlawful force—and adultery has elements rape does not—that one of the parties is married to a different person. We are mindful there is currently a split between federal circuit courts of appeals as to whether jurisdictional elements of federal offenses—such as the use of interstate commerce—are considered when comparing offenses under *Blockburger*. *Compare United States v. Gibson*, 820 F.2d 692, 698 (5th Cir. 1987) (holding jurisdictional elements do not distinguish statutes under *Blockburger*), *with United States v. Hairston*, 64 F.3d 491, 496 (9th Cir. 1995) (holding jurisdictional elements do distinguish statutes under *Blockburger*). We need not wade into this debate to decide the issue before us because appellant's

(continued . . .)

Our conclusion in this matter is bolstered by a majority of the justices in *Dixon*, who held it was a violation of double jeopardy when Mr. Dixon was convicted of both possessing cocaine and violating a court order to not commit any criminal offense. Mr. Dixon's two convictions violated double jeopardy because the court order, "incorporated the entire governing criminal code," and therefore any criminal offense was necessarily a lesser-included offense of the court order. *Dixon*, 509 U.S. at 698. Two justices[8] came to this conclusion through *Blockburger* analysis, and three others[9] would have applied a more expansive test. *Id.* at 731. In any event, the Court held the possession offense was a lesser-included offense of criminal contempt under the circumstances. This case presents much the same circumstances.

Clause three of Article 134 incorporates the entire federal criminal code. The three clauses of Article 134 are disjunctive, and therefore it does not matter for *Blockburger* purposes which terminal elements are alleged because all three may be alleged and only one need be proven in any given specification. *See Williams*, 78 M.J. at 546-47. Thus, under the unique circumstances of appellant's two prosecutions, the elements of his District Court conviction for possession of child pornography were duplicated in each of his court-martial convictions for possession of child pornography. The government placed appellant in jeopardy twice.[10]

---

(. . . continued)
conviction in District Court fully satisfied the elements of an Article 134, clause three offense.

[8] Justice Scalia, who authored the leading opinion, and Justice Kennedy.

[9] Justice White, Justice Stevens, and Justice Souter.

[10] Appellant urges us to also find his District Court conviction for possessing child pornography was a lesser-included offense of his court-martial conviction for distributing child pornography. This is a close question. *See, e.g., Dudeck*, 657 F.3d at 429-30 (surveying cases). *But see, e.g., United States v. McElmurry*, 776 F.3d 1061, 1064-65 (9th Cir. 2015). We need not, however, decide this question in appellant's case. Even assuming appellant's District Court conviction for possession was a lesser-included offense of his court-martial conviction for distribution, appellant received his remedy when the possession count of his District Court indictment was dismissed on appellant's motion. We discuss this further below.

*C. Remedy*

Having decided the possession offenses to which appellant pleaded guilty at court-martial were wholly subsumed within the possession offense of which appellant was convicted in District Court, we must decide what remedy is required.

The Double Jeopardy Clause protects against (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 718 (1969). It is the second of these prohibitions that concerns us in this case.

The remedy for a violation of the Double Jeopardy Clause varies based on the nature of the violation. Dismissal of the offending charge is a common remedy. *See, e.g., United States v. Basciano*, 599 F.3d 184, 215 (2d Cir. 2010). Other remedies may also be appropriate, such as affirming the conviction of a lesser-included offense that is not jeopardy-barred. *See Morris v. Mathews*, 475 U.S. 237, 246-47 (1986).

An accused is not, however, entitled to relief on *both* charges, when two charges cannot coexist without offending the Double Jeopardy Clause. *See Jones v. Thomas*, 491 U.S. 376, 387 (1989) ("neither the Double Jeopardy Clause nor any other constitutional provision exists to provide unjustified windfalls.").

In this case, appellant elected to raise his double jeopardy challenge not just at his court-martial, but also before the District Court. Appellant received the relief he sought at the District Court when that court dismissed the count of his indictment relating to possession of child pornography from August 2010 through 29 January 2013. Appellant now asserts that because the possession count before the District Court was duplicative of the specifications to which he pleaded guilty at his court-martial, he is entitled to dismissal of the court-martial specifications as well. We disagree.

While appellant's possession offense before the District Court was duplicative of the two possession offenses—but not the distribution offense—to which he pleaded guilty at court-martial, appellant sought and received a remedy for the double jeopardy violation by gaining dismissal of the possession count at the District Court. Appellant was entitled to such relief, but he is not simultaneously entitled to a second remedy for a single wrong.

Appellant's choice to obtain relief at the District Court distinguishes this case from *Sabella*, which—though nonbinding—is highly persuasive on this point.[11]  In *Sabella*, two men, Sabella and LaCascia, were convicted of narcotics offenses that, due to a congressional oversight, lacked a lawful punishment.  272 F.2d at 207.  Both men challenged their sentences as unlawful.  The government agreed that no punishment was authorized and moved the trial court to set aside Sabella and LaCascia's sentences.  *Id.* at 207-08.  The government's motion was granted, and the trial court not only set aside the sentences, but also dismissed Sabella and LaCascia's convictions despite the fact Sabella and LaCascia had not requested their convictions be set aside.  *Id.* at 208.

After the trial court sua sponte set aside Sabella and LaCascia's convictions, the government pursued new charges against both men under a slightly different theory, proof of which would also have proved-up the dismissed charges.  *See id.*  Setting aside the resulting second convictions, the Court of Appeals for the Second Circuit found it critical that Sabella and LaCascia only originally challenged their sentences, and did not seek dismissal of their first convictions.  *See id.*  The court found this crucial because "it has been 'quite clear that a defendant, who procures a judgement against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted.'"  *Id.* (quoting *United States v. Ball*, 163 U.S. 662, 672 (1896)).  In *Sabella*, the court found that the rule expressed in *Ball* did not apply because "only the sentence *and not the judgement of conviction* was unlawful and was attacked."  *Id.* (emphasis added).

Unlike the facts in *Sabella*, appellant sought and received dismissal of the District Court possession count that caused a double jeopardy violation.  Appellant's motion to the District Court was predicated on the court's inability to render a lawful sentence.  Appellant, however, went beyond asking merely that no sentence be imposed,[12] and sought dismissal of the possession count entirely.  Once appellant

---

[11] In the years since it was published, *Sabella* has been cited on the topic of double jeopardy by several other federal circuit courts of appeals.  *See, e.g., United States v. Rosenberg*, 888 F.2d 1406, 1411-12 (D.C. Cir. 1989).  The Supreme Court also favorably cited *Sabella* on the general topic of successive prosecutions.  *See Sanabria v. United States*, 437 U.S. 54, 71-72 n.28 (1978).  Although part of the reasoning underlying *Sabella* was overruled by necessary implication in *Dixon*, the distinction between remedies sought by an appellant, and remedies imposed without an appellant's request remains sound.

[12] Had appellant *only* requested the District Court impose no punishment for his possession conviction, this case would be functionally indistinguishable for *Sabella*.

secured dismissal of the possession count on grounds unrelated to his factual guilt or innocence, the United States was free to pursue other charges based on the same course of conduct. *See United States v. McClain*, 65 M.J. 894, 900-01 (Army Ct. Crim. App. 2008) (citing *United States v. Scott*, 437 U.S. 82, 98-99 (1978); *Lee v. United States*, 432 U.S. 23, 26 (1977)). *See also Ball*, 163 U.S. at 672.

Thus, while we agree appellant was subjected to jeopardy twice, we conclude he has already received his remedy and is not entitled to what the Supreme Court has described as an "unjustified windfall[]." *Thomas*, 491 U.S. at 387.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Judge SALUSSOLIA concurs.

WOLFE, Senior Judge, concurring:

I concur with both the reasoning and result of the majority opinion. I write separately to address an issue not directly raised in the briefs.

Appellant's guilty plea at the court-martial was a conditional plea. A conditional plea may be entered only with the agreement of the government. Rule for Courts Martial (R.C.M.) 910(a)(2). Before appellant's court-martial, the trial counsel represented to the military judge that the government—and specifically the convening authority—agreed to the conditional nature of appellant's plea. Under Army regulations, the government may only agree to a conditional plea after consultation with the Chief of the Criminal Law Division of the Office of the Judge Advocate General (OTJAG-CLD). Army Reg. 27-10, Legal Services: Military Justice, para. 5-26(b). Although the record is silent on whether OTJAG-CLD approved of the government's agreement to appellant's conditional plea, we presume administrative regulations were followed absent evidence to the contrary. *See United States v. Masusock*, 1 C.M.R. 32, 35 (C.M.A. 1951).[13]

The rule for conditional pleas provides that such a plea reserves "the right, on further review or appeal, to review of the adverse determination of any specified pretrial motion." R.C.M. 910(a)(2). Put differently, a conditional plea preserves an issue for appeal, which might otherwise be waived by pleading guilty. The preserved issue in this case is appellant's motion to dismiss based on double jeopardy. The

---

[13] We should not blink twice before granting appellant relief when the government so knowingly accepts the risk of upsetting a plea—but only if this is where the law leads us.

rule for conditional pleas also provides, "[i]f the accused prevails on further review or appeal, the accused shall be allowed to withdraw the plea of guilty." R.C.M. 910(a)(2).

The ruling of the military judge that denied appellant's motion to dismiss the charges against him based on double jeopardy was incorrect—at least in part—at the time it was made.[14] At first blush, this might seem to trigger appellant's ability to withdraw from his plea. Close consideration of R.C.M. 910(a)(2), however, demonstrates otherwise, at least on the facts of this case. Accordingly, I agree with the result reached by the majority for two reasons.

First, appellant's requested relief is *not* to withdraw his plea. Instead, appellant seeks the greater remedy of dismissal of the affected specifications. Indeed, withdrawing the plea could carry significant risk. Appellant's agreement reduced his adjudged confinement from five years to four. Also, as a part of the plea agreement, the government dismissed charges and specifications alleging additional misconduct. It is conceivable the misconduct underlying these additional charges and specifications could be brought again if appellant withdraws from his plea. Further, as we find the District Court's dismissal of the possession count of appellant's civilian indictment remedied the double jeopardy violation, the government would still be able to pursue the possession charges against appellant even if he withdrew from his plea and lost all benefits thereof. *See United States v. Ball*, 163 U.S. 662, 672 (1896) (allowing successive prosecutions when the defendant successfully challenges a conviction on appeal). While Article 66(c), UCMJ, requires a de novo review of the entire record, I do not believe that necessitates forcing an appellant to receive unrequested relief that may carry unwanted risk. Also, R.C.M. 910(a)(2) states the accused "shall be allowed to" withdraw from a plea if he or she prevails on appellate review. The rule does *not* state an appellant "must" withdraw from such a plea.

Second, and perhaps more importantly, R.C.M. 910(a)(2) allows an appellant to withdraw from a conditional plea only if he or she "prevails on further review or appeal." Under the plain language of the rule, an appellant must "prevail" on appeal in order to withdraw from a conditional plea. While we find today that the military judge erred when he denied appellant's motion to dismiss the charges against him— at least with respect to the possession specifications—we also conclude appellant received sufficient relief for the double jeopardy violation from the District Court. Accordingly, we affirm the findings and sentence in appellant's case. Clearly,

---

[14] Although, to be fair, the double jeopardy issue was only made clear when our superior court decided *United States v. Forrester*, 76 M.J. 479 (C.A.A.F. 2017).

appellant has not "prevailed" on appeal. Thus, R.C.M. 910(a)(2) does not allow appellant to withdraw from his guilty plea in this case.

Today we determine that the remedy for wrongful successive prosecutions can be found in dismissing, at appellant's request, the guilty determination at either tribunal. That is, as long as the results of one trial go away, the Constitution is not offended.

However, let us assume we have erred and that the proper remedy is to amputate the results from the offending—i.e. the second—trial. Here, that would mean the court-martial convictions for possession of child pornography must go. But if appellant's arguments are correct, then his request for the dismissal of the indictment in civilian federal court should have been denied as the first trial did not violate double jeopardy. Appellant specifically requested, and received, a dismissal of the civilian charges for possession of child pornography because of a double jeopardy claim. Having asked for and received relief in one court—which, under appellant's logic was an improper forum—appellant now argues that the same relief is due in our court—which he now contends is the proper forum. Whether looked at as invited error, waiver, or as a choice of remedies issue, I arrive at the same place.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court